[S. F. No. 5230. In Bank.—August 4, 1911.]

JAMES B. BOLAND, Respondent, v. ALL PERSONS, etc., Defendants. DOLORES V. STEPHENS, Individually and as Administratrix of the Estate of Micaela A. de Morgan, Deceased, Appellant.

DEFAULT JUDGMENT—MCENERNEY ACT—MOTION TO VACATE JUDGMENT BECAUSE OF MISTAKE—TIME FOR MOTION.—A motion to set aside a default judgment determining the ownership of a lot of land in San Francisco, rendered in the proceeding provided for by the so-called McEnerney Act (Stats. 1906, p. 78), on the ground of mistake, inadvertence, surprise, or excusable neglect, under the first clause of section 473 of the Code of Civil Procedure, will not lie, if made more than six months after the rendition of the judgment.

ID.—JUDGMENT NOT BASED ON PERSONAL SERVICE OF SUMMONS—CON-
FLICTING AFFIDAVITS—APPEAL.—On an appeal from an order made
on a motion to set aside a default judgment, not based upon a
personal service of summons, in which the affidavits used on the
motion are conflicting, those in favor of the prevailing party must
be taken as true, and the facts therein stated must be taken as
established.

ID.—JUDGMENT AGAINST DEFENDANT NOT PERSONALLY SERVED—MOTION
TO VACATE WITHIN ONE YEAR—CONSENT OF DEFENDANT TO JUDG-
MENT.—The provision of section 473 of the Code of Civil Procedure,
authorizing the court, on such terms as may be just, to allow a
defendant who has not been personally served with summons, at
any time within one year after the rendition of judgment, to answer
to the merits of the action, was not designed for the relief of persons
not served with summons, who permit a judgment to be taken against
them with their full knowledge and consent.

ID.—SHOWING REQUIRED OF APPLICANT—OPPOSITION TO MOTION—SHOW-
ING OF LACHES OR CONSENT—DISCRETION OF TRIAL COURT.—In appli-
cations for relief under that clause of the section there is no pre-
sumption of neglect, as in cases where there has been personal
service. The applicant is not required, in the first instance, to do
more than show that he has not been personally served and that he
has a good defense to the action on the merits which he could have
presented had he been informed of its pendency. His opponent may
show, in opposition, that the applicant had actual notice of the action
in time to have entered an appearance and present the defense, and
that the failure to do so was owing to his neglect or to his consent
to the judgment. In that event a case arises for the exercise of the
discretion of the trial court, and it must determine whether or not
the laches is of a character that should preclude the relief.

APPEALS from orders of the Superior Court of the City
and County of San Francisco denying motions to set aside a
judgment by default. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

William M. Cannon, and S. W. Molkenbuhr, for Appellant.

Morrison, Cope & Brobeck, and Edward Hohfeld, for Re-
spondent.

SHAW, J.—In a proceeding under the so-called McEner-
ney Act (Stats. 1906, [Ex. Sess.], p. 78), the plaintiff obtained
judgment declaring him to be the owner in fee of a certain
lot in San Francisco. The judgment was rendered, upon

default, on May 27, 1907. On December 2, 1907, Dolores V. Stephens, claiming as sole heir of Micaela A. de Morgan, deceased, served and filed a notice of motion to be made on December 13, 1907, to set aside the judgment and open the cause for further proceedings in defense. On May 26, 1908, she was duly appointed as the administratrix of the estate of Micaela A. de Morgan and as such, on the same day, she served and filed a notice of motion to be made on May 27, 1908, to set aside the judgment and allow her to answer. Both motions were denied by the court. From the orders denying them Dolores V. Stephens, for herself and as administratrix, appeals.

More than six months had elapsed after the rendition of the judgment before either motion was made. They were therefore too late as applications for relief on the ground of mistake, inadvertence, surprise, or excusable neglect, under the first clause of section 473 of the Code of Civil Procedure. (*Brownell* v. *Superior Court,* 157 Cal. 710, [109 Pac. 91]; *Thomas* v. *Superior Court,* 6 Cal. App. 631, [92 Pac. 739].)

Another clause of the section provides that "when from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action." The appellant claims that the application was sufficient under this clause and that upon the facts shown at the hearing of the respective motions, each of them should have been granted. There was no personal service of the summons on Micaela A. de Morgan, nor was she named in the affidavit filed with the complaint as required by sections 5 and 6 of the act, as a person claiming a lien upon or interest in the lot. The motions were heard together and upon the same affidavits. It is unnecessary to consider any question except the proposition that Micaela A. de Morgan was barred during her lifetime by reason of her laches and acquiesence in the proceedings. Upon this ground we think the motions were properly denied.

The summons was duly issued in the action on January 24, 1907. The first publication thereof was made on January 29, 1907, and the last publication on April 2, 1907. The time

fixed by section 8 of the act, within which Micaela A. de Morgan was required to make answer if she claimed any interest in the property, expired on April 29, 1907. She died on May 10, 1907, without having entered her appearance, or taking any steps to preserve any rights she may have had in the property. Seventeen days thereafter the judgment was rendered.

The motion was heard upon affidavits. In such cases, where the affidavits are conflicting, "those in favor of the prevailing party must be taken as true, and the facts therein stated must be taken as established." (*Doak* v. *Bruson,* 152 Cal. 19, [91 Pac. 1002], and cases there cited.)

The following facts were shown by the affidavits filed in opposition to the motion: For several years prior to the beginning of the action and from thence until her death, she and Boland lived in the same dwelling, the same being situated on said lot. A copy of the summons was posted on a door in the front part of the house on January 31, 1907, and remained so posted for a considerable time thereafter. Micaela A. de Morgan was confined to her bed during the time between the beginning of said action and her death, but she was capable and able to transact business and she was a woman not easily influenced by others. She was informed of the notice posted on the door of the house, and of the action begun by the plaintiff to establish his title to the lot, and she was asked if she wanted to appear in the action to oppose it. She stated, in effect, that she did not, that she had conveyed the lot to the plaintiff several years before for considerations satisfactory to herself, that he had begun the action in accordance with her desire, in order to restore his title of record, and that she was satisfied that he should have the property. This notice and the pendency of said action was called to her attention several times by different persons during the time within which she might have appeared. There was not even an attempt on the part of the appellant to contradict these statements, or to show that Mrs. de Morgan had no notice of the pendency of the action, or that she was in any manner deceived in regard to the nature of the action. No excuse was offered in her behalf. It is entirely clear that if she had lived and instituted these proceedings herself, she would have been precluded from obtaining any relief against the judgment thus rendered with

her knowledge and at her request or desire. The provision in question was not designed for the relief of persons not personally served with summons, who permit a judgment to be taken against them with their full knowledge and consent. The affidavits also show that Dolores V. Stephens was informed of the pendency of the action soon after it was begun and that she endeavored to induce Mrs. de Morgan to make a defense thereto, but that Mrs. de Morgan refused to do so. She denied this, but she offered no excuse for the delay except her alleged ignorance of the pendency of the action until "long after" the judgment was rendered.

In applications for relief under this clause of the section there is no presumption of neglect, as in cases where there has been personal service. The party is not required, in the first instance, to do more than show that he has not been personally served and that he has a good defense to the action on the merits which he could have presented had he been informed of its pendency. (*Gray* v. *Lawlor,* 151 Cal. 354, [90 Pac. 691].) But his opponent may show, in opposition to the application, that the applicant had actual notice of the action in time to have entered an appearance and present the defense, and that the failure to do so was owing to his neglect or to his consent to the judgment. In that event a case arises for the exercise of the discretion of the court and it must determine whether or not the laches is of a character that should preclude the relief. (*Bogart* v. *Kiene,* 85 Minn. 262, [88 N. W. 748]; *Mueller* v. *McCulloch,* 59 Minn. 409, [61 N. W. 544]; *Keenan* v. *Daniells,* 18 S. Dak. 102, [99 N. W. 853]; *Blyth* v. *Swenson,* 15 Utah, 352, [49 Pac. 1027]; *Jordan* v. *Hutchinson,* 39 Wash. 373, [81 Pac. 867].) The court below was justified in refusing the relief upon the facts shown in opposition thereto. They would support a finding that Mrs. de Morgan consented to the judgment and desired it.

The orders appealed from are affirmed.

Angellotti, J., Sloss, J., Lorigan, J., and Melvin, J., concurred.