[L. A. No. 11464. In Bank.—March 31, 1932.]

MINNIE M. PALMER, Respondent, v. CHARLES LANTZ et al., Defendants; THOMAS A. DAVIS, Appellant.

Charles Lantz and Winslow Hyatt for Appellant.

Marshall Stimson and Noel C. Edwards for Respondent.

SEAWELL, J.—Defendant Thomas A. Davis appeals from a default judgment by which a deed to two lots in the city of Los Angeles from plaintiff, Minnie M. Palmer, to said defendant Davis was adjudged null and void and ordered canceled on the ground that it had been procured by false and fraudulent representations made by Charles Lantz, as attorney-in-fact for Davis, and from an order denying his motion to set aside the default upon which said judgment was based. Said motion was made under section 473 of the Code of Civil Procedure.

Service was had upon Davis by publication of summons and mailing a copy thereof to him at his residence in Goshen, Indiana. In addition to the other ground on which the motion was made under section 473, it is urged that the court never acquired jurisdiction to render the default judg-

ment by reason of certain irregularities in the proceedings for constructive service. We find that the proceedings were sufficient in all respects to confer jurisdiction to enter judgment. The particulars wherein said proceedings are assailed either lack merit to warrant discussion or are covered by what is hereafter said on other points.

The complaint was filed on July 12, 1926, and named Davis, Charles Lantz, and F. C. Huber, as administrator of the estate of B. F. Gallway, deceased, as defendants. Lantz and Huber were personally served on July 12th and 13th respectively. Plaintiff sued as the daughter and only heir (sec. 1452, Code Civ. Proc., now sec. 581, Probate Code) of one Mary J. Gallway, who died intestate in 1915, and at the time of her death was the owner and in possession of the two lots in controversy, according to the complaint.

Without reviewing the allegations of the complaint in detail it is sufficient to say that we are of the view that they state a cause of action for cancellation of the deed to Davis based on fraudulent representations made by Lantz. Davis, as the grantee named in the deed and the holder of the record title, was a necessary party. It is alleged that Lantz falsely stated that he represented Davis, but that Davis was "merely a dummy for Lantz", who was the real party in interest and paid the consideration of $75 given for the deed to said property, alleged to be of a value in excess of $2,500. Lantz and Huber filed answers, identical in substance, denying all allegations of fraud, and also denying that Davis was a mere "dummy" and Lantz the real party in interest. Davis, so far as any fraudulent participation in the transaction is concerned, is expressly exculpated by the allegations of the complaint.

When the action came on for trial on October 2, 1928, no steps had been taken to secure publication of summons against Davis. A continuance was granted to January 15, 1929, on motion of plaintiff's counsel, to enable said counsel to take the deposition of Davis in Indiana, and to locate plaintiff, whose whereabouts was unknown to them. Steps commenced to take the deposition of Davis in 1926 were abandoned. On October 4, 1928, two days after plaintiff's counsel had obtained a continuance to locate their client and take the deposition of Davis, they procured an order for publication of summons, which publication commenced

on October 5, 1928. A copy of the summons and complaint was mailed to Davis on October 8th.

No deposition was ever taken, nor was any effort made to take it. On January 14, 1929, the court, upon application of plaintiff, directed the entry of the default judgment against Davis, canceled the deed involved, and ordered the filing of a dismissal as to defendants Lantz and Huber. The court found, contrary to the specific allegations of the complaint, but in accordance with the answers filed by Lantz and Huber, that Davis was the real party in interest.

In support of the motion to set aside said default Lantz, who is an attorney-at-law and had a general authority to represent Davis, also an attorney, in all actions in California to which Davis was a party, averred that he first learned of the constructive service on Davis on January 14th, when one Hyatt, on behalf of Lantz, was examining the record in the case to prepare it for trial. Attorney Hyatt immediately prepared an answer and went into the courtroom where plaintiff's counsel were present to take the default. He offered to have said answer filed and served before night. Both court and counsel refused his request to continue the default hearing until the next day. Ten days after the default was entered, Lantz and Hyatt, as attorneys for Davis, filed notice of motion to set it aside, but the motion was by the court denied.

The record shows a letter from Davis to Lantz, written on January 23d, in response to a telegram from Mr. Winslow Hyatt, as follows:

"In reply to your telegram of the 22nd would say that last October I received by registered mail copy of *complaint* in the matter of Palmer vs. Charles Lantz, Thomas A. Davis and F. C. Huber, as administrator. When I received it I wrote you a letter about it, but I think it was about the time you were on a trip to South America. Since you were also a defendant I assumed that service had been served on you, therefore paid no attention to the matter until I got a telegram from Mr. Hyatt last week, but at the time I was in Grand Rapids so did not get opportunity to send it back. I enclose herewith a copy of the complaint as it was sent to me. As stated the only reason to set aside the default so far as I am concerned would be that I assumed

you were taking care of it as you also were a defendant."
(Italics supplied.)

Although appellant makes much of the point that this letter does not state that he also received a copy of the summons, we think this fact must be inferred. It appears by the affidavit filed to establish proof of service, that the copy of the "complaint and summons" was mailed. From the fact that the complaint was received it must be presumed, in the absence of evidence to the contrary, that the summons inclosed therewith was also received.

Service by publication and mailing a copy of the complaint and summons is not personal service (*Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192 [21 Ann. Cas. 1279, 106 Pac. 715]), however, and by reason of this fact appellant contends that under section 473 of the Code of Civil Procedure he is entitled to be relieved from the default as a matter of right without further showing than that he was not personally served. (*Daniel* v. *Colkins,* 201 Cal. 10 [255 Pac. 182], and cases there cited.) That this is sufficient to make a *prima facie* case for relief must be conceded. The law presumes from the fact of constructive service only that the failure to answer is due to lack of notice of the service. (*Gray* v. *Lawlor,* 151 Cal. 352 [12 Ann. Cas. 990, 90 Pac. 691].) But the provision is not designed to afford relief from a judgment which may be validly entered upon constructive service to those who with full knowledge of such service upon them, by reason of receipt of a copy of the summons and complaint through the mail, remain inactive. (*Gray* v. *Lawlor, supra; Boland* v. *All Persons,* 160 Cal. 486 [117 Pac. 547].)

It appears from the above-quoted letter that Davis, upon receipt of the complaint and summons, wrote concerning the matter to Lantz, who was authorized to represent him, and assumed that Lantz was taking care of the matter. Lantz was absent on a trip to South America between October 6, 1928, and December 9, 1928, during which time the letter would have arrived, and never received the letter or learned of the service until January 14, 1929. He then took all measures possible to prevent entry of the default. The failure of Lantz to receive the letter, or of Davis to be informed of Lantz' absence, can be attributed only to the oversight of Lantz' office force.

It should have been plain to both parties that Davis was a necessary party to an action to clear plaintiff's title, or the title of her intestate, of the cloud cast upon it by the deed to Davis, whether Davis was the real party in interest or a "dummy" for Lantz. Only in an action to which Davis, the holder of the record title, was a party, could his rights under said deed be foreclosed. On the other hand, if, as alleged in the Lantz and Huber answers, and also in the answer which Davis now seeks leave to file, and as found by the court, Davis was the real party in interest, Lantz, his agent, was not a necessary party. No claim is made for a money judgment against Lantz on account of the representations alleged to have been made by him. The dismissal as to Huber was clearly proper. It does not appear that his claim as administrator of the estate of B. F. Gallway was based upon or had any connection whatsoever with the Lantz-Davis deed, or that Lantz or Davis claimed any interest in the property through said administrator. Why Davis, whose residence was known to plaintiff to be Goshen, Indiana, where he maintained a law office, was not served during the period of two years intervening between the filing of the complaint on July 12, 1926, and the time the action came on for trial on October 4, 1928, does not appear. It is claimed by appellant that it was the unexpressed intention of plaintiff's counsel to serve Davis by publication at the time they moved for a continuance two days before they applied for and obtained the order for publication of summons. Had plaintiff's counsel informed Lantz of this intention in open court when the continuance was granted, or notified him two days later when the order was obtained, the answer would have been filed in time.

Lantz admits that he was authorized to enter an appearance for Davis, and it may be that he acted unconscionably in failing to do so. However, plaintiff's counsel did not inform him when the continuance was obtained that they desired to serve Davis and intended to obtain an order for service by publication. A party is not required by law to appear until served. Upon receipt of the complaint and summons by mail, Davis wrote to Lantz, his authorized agent, and reasonably expected that this would be sufficient to protect his rights, and no doubt would have been had not Lantz been absent in South America. Any dilatory tactics

of Lantz preceding the order for publication are not shown to have had the support of Davis. Furthermore, action was taken promptly upon discovery of the constructive service.

Fraud is not made an issue so far as Davis' connection with the transaction appears from the face of the complaint. In fact the allegations are inconsistent with any such claim and no cause of action is predicated upon his fraud. The complaint merely alleges as to Davis a lack of consideration for the deed naming him as the grantee, and this is the only allegation that makes him so much as a nominal party. As matters now stand, this anomalous situation is presented: Davis, whom plaintiff alleged was *not* the real party in interest, but "merely a dummy for Lantz", and against whom no charge of fraud was made, was found by the decree to be the real party in interest, and the decree further found that the deed conveying said premises to him was obtained by fraud; and that Charles Lantz was *not* the real party in interest. Davis is at least held impliedly guilty of fraud without any allegations tending to support the findings set forth in the decree. The action which charged Lantz with fraud was dismissed by plaintiff as to him and Huber. Fraud is not to be presumed. It must be both alleged and proved.

It may be that the plaintiff will wish to amend her complaint and take such other steps as the situation may suggest. We are of the view that appellant should be relieved of the default.

The judgment and order are reversed.

Langdon, J., Shenk, J., Preston, J., Curtis, J., and Waste, C. J., concurred.