[L. A. No. 13292. In Bank.—June 16, 1933.]

RUDOLPH HILTBRAND, Respondent, v. JULIA HILTBRAND, Appellant.

322

Ratzer, Bridge & Gebhardt and H. A. Gebhardt for Appellant.

J. Robert Arkush, John C. Miles and A. P. Coviello for Respondent.

PRESTON, J.—Divorce action. Appeal from order of trial court denying motion to reopen a default and to that end to set aside the interlocutory decree of divorce theretofore made in the action.

The order appealed from is dated July 24, 1931. The action was instituted July 7, 1930. The affidavit of plaintiff husband showed defendant to be residing at Throd, Berne, Switzerland. The regular period of publication was had and copy of the summons and complaint was mailed to the address given and actually received by defendant on July 24, 1930. On August 9, 1930, defendant wrote a letter to the attorney for plaintiff protesting against the action, to which apparently no response was made. On November 7, 1930, her default was entered and on the same

day interlocutory decree of divorce was entered. On November 9, 1930, defendant wrote to an attorney at Los Angeles requesting him to investigate the matter and represent her in the action. However, no active step was taken by him until May 15, 1931, when he filed notice of motion to set aside the default and reopen the cause, accompanied by a proposed answer denying the material allegations of the complaint. On May 28, 1931, the motion was heard and denied without prejudice. On June 30, 1931, notice was given of a second motion to the same effect. This motion was likewise heard and denied without prejudice on July 24, 1931. The appeal of defendant was filed on August 8, 1931.

The sole question for our consideration here is whether under these facts defendant was entitled as a matter of right to a reopening of the cause. Or, stating the question in another form, was there under these circumstances any room for operation of the discretion of the trial court in passing upon the motion?

■ Since the case of *Gray* v. *Lawlor*, 151 Cal. 352 [90 Pac. 691, 12 Ann. Cas. 990], it has been the settled law of this state that under all ordinary circumstances, a defendant, served by publication of summons, has the right, at any time during the period of one year, upon tendering a proper answer, to apply to the court for an order setting aside the default and to receive such an order as a matter of right, upon such terms and conditions as the court may see fit to impose. But even this case does not hold that such relief will be granted where there is an affirmative showing of laches or inexcusable neglect of sufficient strength to create an estoppel. Later, in the case of *Boland* v. *All Persons*, 160 Cal. 488, 490 [117 Pac. 547, 548], the court used the following language: ''In applications for relief under this clause of the section there is no presumption of neglect, as in cases where there has been personal service. The party is not required in the first instance to do more than show that he has not been personally served and that he has a good defense to the action on the merits which he could have presented had he been informed of its pendency. (*Gray* v. *Lawlor, supra.*) But his opponent may show, in opposition to the application, that the applicant had actual notice of the action in time to have entered an appearance and present the defense, and that the failure to do so was owing to

his neglect or to his consent to the judgment. In that event a case arises for the exercise of the discretion of the court and it must determine whether or not the laches is of a character that should preclude the relief. (*Bogart* v. *Kiene,* 85 Minn. 262 [88 N. W. 748]; *Mueller* v. *McCulloch,* 59 Minn. 409 [61 N. W. 455]; *Keenan* v. *Daniells,* 18 S. D. 102 [99 N. W. 853]; *Blyth* v. *Swenson,* 15 Utah, 352 [49 Pac. 1027]; *Jordan* v. *Hutchinson,* 39 Wash. 373 [81 Pac. 867].)'' This doctrine was reaffirmed in the case of *Palmer* v. *Lantz,* 215 Cal. 320, 324 [9 Pac. (2d) 821], and also approved in the case of *In re Mercereau,* 126 Cal. App. 590 [14 Pac. (2d) 1019].)

The case of *Randall* v. *Randall,* 203 Cal. 462 [264 Pac. 751], also apparently recognizes the exception in the assertion that there was in that case no presumption against the defendant of knowledge of the proceedings or of inexcusable delay on his part. ■ We are therefore led to the conclu-. sion that there was in the instant case a sufficient showing to sustain the action of the court below in that enough appeared from the facts to justify the conclusion that, having received knowledge of the existence of the proceeding in the courts of California, the defendant was guilty of inexcusable delay and neglect in not earlier presenting her defense. In making this holding we are not unmindful of the fact that this court has in *Rehfuss* v. *Rehfuss,* 169 Cal. 86 [145 Pac. 1020], and on various other occasions, shown its solicitude for the ordinance of marriage and to that end has held that the showing to set aside a default in a divorce action may rest upon slight evidence. But here the question in the first instance was one within the discretion of the court below and we are unable to say as a matter of law that such discretion was not properly exercised.

The order is affirmed.

Langdon, J., Thompson, J., Seawell, J., Waste, C. J., and Curtis, J., concurred.