[Sac. No. 4796. In Bank.—September 29, 1933.]

J. B. LANGLEY et al., Respondents, v. ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, LIMITED (a Corporation), Appellant.

J. Hampton Hoge, Wakefield & Hansen, William C. Crossland and A. Dal. Thomson for Appellant.

Edward Bickmore for Respondents.

PRESTON, J.—Appeal by defendant from judgment for plaintiffs in an action to recover upon a policy of automobile liability insurance issued by said defendant in favor of one W. T. Holland.

Plaintiffs, through the negligence of said Holland, suffered damage as the result of an automobile collision. They commenced an action against him under the name of W. H. instead of W. T. Holland. Service by publication was ordered and later a default judgment in the sum of $2,500 and costs was entered against him and in favor of plaintiffs. In order to recover the amount of said judgment, plaintiffs thereafter commenced the present action against defendant, as the insurer of W. T. Holland, whom they alleged to be the very Holland involved in the collision, theretofore sued as W. H. instead of W. T. Holland. Defendant offered no evidence and judgment was rendered for plaintiffs. Defendant thereupon appealed and, upon consideration of the cause by the honorable District Court of Appeal for the

Third Appellate District, the said judgment was reversed. For a detailed statement of the facts and issues involved, reference is hereby made to said decision reported in volume 97 California Appellate Reports, at page 434.

The cause was then retried, pursuant to said judgment of reversal, upon limited issues suggested by the following language contained in said decision: "The judgment in the case of *J. B. Langley and Lottie M. Langley* v. *W. H. Holland* is not void on its face. It is a valid judgment against W. H. Holland, but, of course, would not be a judgment against W. T. Holland unless it was satisfactorily established that the W. H. Holland named in said judgment and the W. T. Holland named in the instant case are one and the same person and that the said W. T. Holland had the notice of said action required by law. . . . It may be that, on a retrial of this case, respondent will be able to produce evidence that in fact W. T. Holland received the complaint and summons which was mailed to W. H. Holland, painter, at Los Angeles, California, General Delivery, as aforesaid. The production of this evidence would be in line with the cases of (citing authority). . . . " At the conclusion of the trial the court found for plaintiffs. Judgment followed in their favor, and, as above stated, defendant has appealed.

We have examined with care the record presented. It establishes that the person sued as W. H. Holland was in truth and fact W. T. Holland, the individual involved in the collision and insured by defendant. The proof that W. T. Holland received the copy of summons and complaint mailed to W. H. Holland at Los Angeles consisted of testimony by counsel for plaintiffs to the effect that almost a year after rendition of the original judgment, Holland was brought into the Ventura County Superior Court on proceedings supplemental to execution in another case arising out of the same accident, where he talked with counsel and stated that he had received said copy of summons and complaint mailed to W. H. Holland. This testimony was, in our judgment, admissible and *prima facie* sufficient to show that W. T. Holland received said document. For a discussion of this question we hereby adopt the following portion of the decision heretofore rendered herein by the honorable District Court of Appeal for the Third Appellate District, opinion by Mr. Justice *pro tempore* Parker:

"The main controversy, of which the present issue is an incident, is the validity of the judgment against Holland, the insured. The strength of the judgment rests upon proof of receipt of the copy of summons and complaint. At all times it must be borne in mind that we are concerned with a judgment against Holland. If the present action were against Holland on the judgment it is obvious that his own, admission would be competent. And on that issue, wheresoever it might arise, we are of the opinion that the admission would always retain its character of original evidence of the fact in dispute. Dismissing any question of limitation, let us assume that the instant case is reversed. Respondent could proceed against Holland on the judgment. Assuming then that Holland contested the validity of the judgment and raised this issue it would not be seriously disputed that the evidence of admission would be sufficient to sustain a finding against Holland. The liability of appellant rests upon the primary liability of its insured. It is admitted that the provisions of the policy and the provisions of the law (Stats. 1919, chap. 367, p. 776) require that a judgment be had against the assured, making the loss certain, before an action can be maintained against the indemnity company. Section 1851 of the Code of Civil Procedure reads: 'And where the question in dispute between the parties is the obligation or duty of a third person, whatever would be the evidence for or against such person is *prima facie* evidence between the parties.' Here the dispute was primarily as to the obligation of Holland. This obligation rested upon a judgment, the binding effect of which was denied on the ground that Holland had not received the letter in question. The proof of the obligation rested upon the issue thus raised and evidence admissible against Holland was admissible as against appellant. We hold the evidence to have been properly received and retained." See, also, *Butte County* v. *Morgan,* 76 Cal. 1 [18 Pac. 115], and *Ellsworth* v. *Bradford,* 186 Cal. 316 [199 Pac. 335].

Appellant contends that the judgment against Holland is void upon the face of the judgment-roll because of insufficiency of the affidavit upon which service of summons by publication was ordered, due to a lack of showing therein of due diligence in endeavoring to locate Holland and securing personal service upon him. Briefly, it may be said that

this affidavit sets forth efforts to locate Holland in San Rafael, whence he had removed from Merced County. It further avers that immediately after the visit of the process server to San Rafael, Holland took up his residence in Los Angeles, where he received mail only through general delivery and his address was unknown; that inquiry was made, but it could not be ascertained from his former employer or through his trade or fraternal affiliations. The affidavit concludes with the averment that defendant was concealing himself to avoid service of the summons and complaint upon him.

Conceding that these averments failed to show that due diligence was used in trying to locate and serve the defendant at Los Angeles, by tracing him through the general delivery, or otherwise, and hence that they were insufficient to support an order for publication of summons upon the ground that defendant could not "after due diligence, be found within the state", yet they were sufficient to support the action of the court below, in ordering publication of summons, upon the ground set forth in the affidavit, to wit: that defendant was concealing himself to avoid service (sec. 412, Code Civ. Proc.). ██ Moreover, if W. T. Holland in fact received a copy of the summons and complaint, he could not be heard to say that the affidavit was defective; indeed, if he did not move promptly, he would be denied the right to contest the suit on its merits. (*Palmer* v. *Lantz,* 215 Cal. 320, 324 [9 Pac. (2d) 821]; *Boland* v. *All Persons,* 160 Cal. 486 [117 Pac. 547].)

We should indeed hesitate to reverse this judgment upon any of the technical grounds urged in view of the fact that Holland was actually apprised of the action against him by receipt of the copy of summons and complaint; that copy of the findings and judgment entered in said action was served upon him in Santa Barbara within a few weeks after the making and entry thereof and he made no effort to set aside the judgment or plead to the merits; and that appellant insurer was also informed by counsel for plaintiff, through correspondence, of the action against its insured but chose not to defend, even after being furnished with a copy of the summons and complaint.

We need not pause to consider whether, under the facts here shown, a personal judgment against Holland could be

rendered as appellant has not raised this question and it is now too late to do so.

The judgment is affirmed.

Shenk, J., Thompson, J., Seawell, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.