[Civ. No. 14069.   Second Dist., Div. One.   July 1, 1943.]

CHALEY GLEN TUCKER, Respondent, v. ALICE B. TUCKER, Appellant.

Dailey S. Stafford for Appellant.

Richard C. Fildew for Respondent.

DRAPEAU, J. pro tem.—Plaintiff filed his complaint for divorce in the superior court of this state August 31, 1941. The defendant was a non-resident of California. Order for publication of summons was made August 19, 1941. The residence of the defendant being known, summons and complaint were personally served upon her in the State of Oklahoma August 28, 1941. By order of the court default of the defendant was entered December 23, 1941. On the same date, the case was tried as a default matter, and interlocutory judgment of divorce was made and entered.

December 9, 1942, the trial court denied a motion by the defendant to vacate and set aside the default judgment. This motion was presented in accordance with the provisions of section 473a of the Code of Civil Procedure. It was based upon the affidavit of the defendant, dated November 27, 1942, a proposed answer to be filed by the defendant, and the records, files and papers in the case. There was no countershowing on the part of the plaintiff. Defendant has appealed from the order denying said motion.

Section 473a of the Code of Civil Procedure is short, and it is just as well to quote it in full: "[Answer of defendant not served]. When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

The last part of section 413, Code of Civil Procedure, provides: "When publication is ordered, personal service of a copy of the summons and complaint out of the State is equiva-

lent to publication and deposit in the post office, and in either case the service of the summons is complete at the expiration of the time prescribed by the order for publication.''

█ The defendant was personally served in the State of Oklahoma with summons and complaint, in accordance with this provision of section 413, Code of Civil Procedure. Was she ''personally served'' so as to bring her within the purview of section 473a, Code of Civil Procedure, and entitled to an order vacating and setting aside the default judgment?

To attempt to reason logically from the premise that defendant knew of the pendency of the action and was therefore personally served would not be proper because in such cases as *Palmer* v. *Lantz,* 215 Cal. 320 [9 P.2d 821], and *Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192 [106 P. 715, 21 Ann. Cas. 1279], mailing a copy of the complaint and summons is held not to be personal service.

The question can be settled by keeping in mind the fact that the apparent conflict in the application of these two sections of our code has to do with two entirely different legal concepts. One has to do with constructive service of process by which a court acquires jurisdiction of parties and subject-matter in a legal action; the other is that branch of our law having to do with relief from the terms of a judgment in proper cases. To make one rule equally applicable to both of these concepts would be to set up an impossible legal Procrustean bed. So it is that in this case, in which the court acquired jurisdiction over the defendant by *substituted service,* the mere fact that the defendant was personally served without the State does not defeat her right to have the default judgment set aside. █ The words ''personally served'' as used in section 473a of the Code of Civil Procedure mean personal service of summons and complaint upon a defendant within the State of California; they do not include personal service of summons and complaint upon a defendant without the State of California. The latter service is but an incident to constructive service and in lieu of the publication required by section 413, Code of Civil Procedure. *(Parkside Realty Co.* v. *MacDonald,* 166 Cal. 426, 434 [137 P. 21]; *Zobel* v. *Zobel,* 151 Cal. 98 [90 P. 191]; *Nahas* v. *Nahas* (1939), 59 Nev. 220 [90 P.2d 223, 92 P.2d 718]; *Kane* v. *Stallman* (1941), 209 Minn. 138 [296 N.W. 1]; and see note in Ann.Cas 1916B, p. 565.) The Nevada and

Minnesota cases of *Nahas* v. *Nahas, supra*, and *Kane* v. *Stallman, supra*, are directly in accord with the view herein expressed.

But the right of a defendant who has not been personally served with summons and complaint to have a default judgment against him set aside is not absolute and unconditional. The granting of such an order is committed to the sound discretion of the trial court. As was said in *Boland* v. *All Persons*, 160 Cal. 486, 490 [117 P. 547] : ''But his opponent may show, in opposition to the application, that the applicant had actual notice of the action in time to have entered an appearance and present the defense, and that the failure to do so was owing to his neglect or to his consent to the judgment. In that event a case arises for the exercise of the discretion of the court and it must determine whether or not the laches is of a character that should preclude the relief.''

This principle was applied by our Supreme Court in the most recent case of this kind, *Hiltbrand* v. *Hiltbrand*, 218 Cal. 321 [23 P.2d 277]. That was a divorce case wherein the action was instituted July 7, 1930; there was constructive service upon the defendant who was residing in Switzerland. She received by mail a copy of the complaint and summons July 24, 1930. November 7, 1930, her default was entered and on the same day the interlocutory decree was entered. Nothing was done to set aside the default judgment until May 15, 1931. Under such circumstances, the law which we are required to follow is stated: ''We are therefore led to the conclusion that there was in the instant case a sufficient showing to sustain the action of the court below in that enough appeared from the facts to justify the conclusion that, having received knowledge of the existence of the proceeding in the courts of California, the defendant was guilty of inexcusable delay and neglect in not earlier presenting her defense. In making this holding we are not unmindful of the fact that this court has in *Rehfuss* v. *Rehfuss*, 169 Cal. 86 [145 P. 1020], and on various other occasions, shown its solicitude for the ordinance of marriage and to that end has held that the showing to set aside a default in a divorce action may rest upon slight evidence. But here the question in the first instance was one within the discretion of the court below, and we are unable to say as a matter of

law that such discretion was not properly exercised." *(Hiltbrand* v. *Hiltbrand, supra,* at p. 324.) In the Hiltbrand case, the time elapsing from the interlocutory judgment until an effort was made to set it aside was shorter than in the pending case.

In the present case, the trial court in the exercise of its discretion denied the motion to vacate and set aside the default judgment, and, as in the Hiltbrand case, after a careful review of the record, we are unable to say as a matter of law that such discretion was not properly exercised.

The order is affirmed.

York, P. J., and Doran, J., concurred.