[Civ. No. 15014.   Second Dist., Div. Two.   Dec. 20, 1945.]

MURRAY GARDNER, Respondent, v. MARY ELIZABETH
GARDNER, Appellant.

William C. Rau for Appellant.

Robert E. Krause and John A. Paap for Respondent.

MOORE, P. J.—The question for decision is whether the trial court abused its discretion in denying defendant's motion to vacate an interlocutory decree of divorce and the preceding order for default, where service of summons was made in a sister state five months and 29 days prior to the decree and the motion was filed more than two months thereafter:

Basing his action upon extreme cruelty plaintiff filed his complaint on June 5, 1944. It was served by the sheriff at Jamestown, North Dakota, 14 days later. Defendant promptly consulted an attorney in the Dakota city and on June 22 forwarded a letter to plaintiff's counsel, attorney Paap, to the effect that she had been advised that "it may become necessary for me to return to California in order to protect my children until they become self supporting." In her reply to Mr. Paap's request that she sign an appearance she wrote that she had no objection to her husband's being divorced so long as the children suffered no detriment by reason thereof, and volunteered to execute the appearance. On June 14, 1944, Mr. Paap wrote that plaintiff would continue to support the children. On September 25, 1944, defendant's default was entered. Subsequent to the entry of default defendant wrote Mr. Paap as follows: "If he will pay me $10,000, I will let him have his divorce and never cross his path again;" and 15 days later she wrote plaintiff that it would be all right for him to proceed with the divorce so long as he would send her the money. Having made no reply to her letters plaintiff obtained his interlocutory decree on November 15, 1944.

Thus it appears that not only was defendant in fact served with process and actually informed of the several events in the series of occurrences which preceded the decree but also she had the benefit of the advice of counsel and in turn gave plaintiff express consent that he might proceed to the final act in the drama by obtaining a decree of divorce. These facts recited in the supporting affidavits of respondent are deemed to be true. (*Doak* v. *Bruson,* 152 Cal. 19 [91 P. 1001].)

Defendant contends that especially in divorce actions the law favors trials on the merits; that it regards with disfavor attempts to take advantage of mistake, surprise or excusable neglect, and that section 473a of the Code of Civil Procedure evidences a legislative intent to provide simple means for gaining relief from technical defaults. General principles do not necessarily determine the right of one to

prevail merely by virtue of their pronouncement. The merits of any justiciable controversy must be adjudicated upon all of the facts presented to the court. If the facts found suggest no exception to general principles the latter may prevail and decision result accordingly. But if the conduct of a party invokes the application of an exception to a pertinent general principle the decision may stem from the application of such exception to the facts found.

It is not shown that plaintiff took advantage of any mistake or excusable neglect on the part of defendant. She was agreeable to the decree for over five months before its entry. During that period she made no demands upon plaintiff except that he provide for his children. Such demand was meaningless in view of the law that plaintiff could not have been relieved of that obligation even though defendant had consented thereto. (Civ. Code, §§ 138, 198, 207.) It is argued that she acted promptly after entry of the decree. Such diligence did not meet the requirements of her situation nor does it offset her supine attitude during the gestation of the divorce decree. She knew the purpose of the action from its incipiency and that it would terminate in a divorce decree if not answered as required by the summons. Her repeated acrimonious consent to the decree prior to its entry requires no comment as to its probative value in showing her silent if not eager acquiescence in the divorce proceeding and its ensuing decree.

Not only do the facts disclose that the court was not unreasonable in the exercise of its discretion in denying defendant's motion but the order is supported by a fair interpretation of section 473a, Code of Civil Procedure, and by numerous authorities. Section 473a* was formerly a part of section 473, but in 1933 it was made a separate statute as though to emphasize the purpose of the rule that in the case of one served by publication the defendant has an advantage in his attempt to vacate a judgment by default whereas under section 473 the burden is strictly upon the defendant to show that he has suffered mistake, surprise, inadvertence or excusable neglect. To such as are served without the state, in the

---

*When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action,

absence of facts showing laches, the court may within one year instead of six months after judgment grant relief therefrom. Appellant conceives that because she was served in North Dakota she was not personally served when the sheriff at Jamestown delivered to her a copy of the summons and complaint, and that she was therefore entitled to have the judgment vacated as a matter of right upon her motion within one year from its entry. Such construction of the statute is not justified. The significance of personal service out of the state following an order for publication of summons is that the defendant thereby gains actual notice of the nature of the action and of the demands upon him, whereas a party who has been served by mere publication of the summons may never have heard of the lawsuit prior to his receipt of notice of entry of the judgment. If the defendant receives the complaint in a foreign jurisdiction he may there consult counsel, and if he desires to resist the demands of his adversary he may in propria persona forward the appropriate pleading to avoid a default or take such steps as he may deem protective of his rights.

Defendant's situation is analogous to if not identical with those of others who have sought the same sort of relief. In *Boland* v. *All Persons,* 160 Cal. 486 [117 P. 547], Mrs. de Morgan was defendant in an action to quiet title. She was confined to her bed from the time of the filing of the action until her death. She received no personal service but was informed of the contents of the summons and complaint which were posted on the door of her home which was the subject of the action. She was capable of transacting business but ignored the Boland lawsuit. She deceased on May 10, 1907, and judgment was entered against her on May 27. The effort of her administratrix to obtain relief from the judgment was unavailing. The Supreme Court held that while one who has not been personally served may for that reason be granted relief within a year, yet if it be shown "that the applicant had actual notice of the action in time to have entered an appearance . . . , and that the failure to do so was owing to his neglect or to his consent to the judgment," a case arises for the exercise of the discretion of the court. In such event the court must determine whether or not the applicant's laches warrants relief. The case of *Hiltbrand* v. *Hiltbrand,* 218 Cal. 321 [23 P.2d 277], was a divorce action. The wife was residing

in Switzerland when sued and she there received a copy of the summons and complaint. She promptly wrote to her husband's counsel protesting the action, but her default was entered. Two days thereafter she wrote her attorney at Los Angeles requesting him to represent her. He delayed until six months more had elapsed, when he filed notice of motion to vacate the default. The question posed by the Supreme Court was whether under the circumstances there was any room for operation of the discretion of the trial court in deciding the motion. While acknowledging the continuity of the rule (*Gray* v. *Lawlor*, 151 Cal. 352 [90 P. 691, 12 Ann.Cas. 990]) that under ordinary circumstances a defendant served by publication has the right at any time during the year following the entry of judgment based upon published summons to be relieved therefrom, yet the court held that such relief will not be granted where there is an affirmative showing of laches or of inexcusable neglect of sufficient strength to create an estoppel, citing *Palmer* v. *Lantz*, 215 Cal. 320 [9 P.2d 821] and *In re Mercereau*, 126 Cal.App. 590 [14 P.2d 1019]. The very case which prescribes the rule in ordinary cases (*Gray* v. *Lawlor, supra*) declares that section 473 was not designed for litigants who with full knowledge of constructive service upon them remain inactive.

Defendant having delayed for practically five months after receipt of summons and plaintiff having adjusted himself to the new life in reliance upon her inaction in the litigation and upon her express consent to his divorce, the trial court had an abundance of material for the exercise of discretion and its conclusion will therefore not be disturbed.

Order affirmed.

McComb, J., and Wilson, J., concurred.