[Civ. No. 8462. Third Dist. Mar. 2, 1955.]

ERNEST PIERSON et al., Respondents, v. HARVEY L. FISCHER, Appellant.

[Civ. No. 8463. Third Dist. Mar. 2, 1955.]

HARVEY L. FISCHER, Appellant, v. CORPORATION OF AMERICA (a Corporation) et al., Respondents.

Sefton & Gartland for Appellant.

Erskine, Erskine & Tulley, Samuel B. Stewart, Jr., and Christopher M. Jenks for Respondents.

VAN DYKE, P. J.—Herein two appeals are presented upon a single record. In the case of *Pierson et al.* v. *Fischer et al.*, the plaintiffs and respondents brought a special proceeding against the defendants and appellant Fischer sounding in unlawful detainer under the provisions of section 1161a of the Code of Civil Procedure. Respondents claimed to be the owners of the real property involved in the action, which is

located in Eureka, California, by virtue of having purchased
the same at a trustee's sale under a deed of trust executed to
secure a loan. They made the statutory demand for possession
and upon possession being refused brought suit. Personal
service was not made upon appellant Fischer nor upon sev-
eral other defendants. Respondents caused an affidavit to be
filed, charging that Fischer and other defendants were con-
cealing themselves to avoid the service of summons, and re-
spondents upon that ground asked for an order for the pub-
lication of summons. This order was given and there is no
claim made in this appeal that a proper foundation had not
been laid for the issuance of an order for such constructive
service. It is claimed, however, that the order made was in-
valid because not ordering publication to be made in a news-
paper most likely to give notice to those being so served and
because the trial court unduly limited the time of publication.
A default judgment was obtained and appellant Fischer twice
moved to set the same aside. Both motions were denied and
he herein appeals from both denial orders.

In *Fischer* v. *Corporation of America et al.,* appellant
Fischer filed an action asking for a judgment setting aside and
declaring void the same trustee's sale and the deed issued to
the Piersons thereunder. Therein Fischer alleged that he
had purchased the property involved in the unlawful detainer
action from Merchants National Realty Corporation and had
given a deed of trust to secure a part of the purchase price;
that the trustee had sold the property to the Piersons and that
this sale had not been made according to law nor according
to the provisions of the deed of trust. The trial court sus-
tained a general demurrer without leave to amend and from
the ensuing judgment Fischer appeals.

We shall treat, first, of the appeal in *Pierson* v. *Fischer*. The
pertinent facts therein, appearing in the record of proceedings
to vacate the default judgment, in addition to those given
above, are these: Fischer defaulted in meeting the obligations
of his note and deed of trust, and notice of such default was
recorded. Three months thereafter demand was made upon
the trustee to sell the property. Notice of sale was published,
posted and mailed, the sale date being first set for October 9,
1951. The sale was postponed seven times at Fischer's request
and during this period the building inspector at Eureka was
threatening to condemn the buildings on the property by rea-
son of their condition. February 13, 1952, the property was
sold to the Piersons for $72,300 and they were given the

trustee's deed. Six days thereafter Fischer filed for record an affidavit charging invalidity in the sale for want of proper notice to him, stating therein that he intended to bring an action to set aside the sale and was recording the document to prevent resale to bona fide purchasers. About one month after the sale, the Piersons served Fischer with a three-day notice to quit and five days thereafter filed a complaint in unlawful detainer. This complaint named Fischer's former wife as a defendant, she having been a party to the deed of trust, and in addition joined a Mr. and Mrs. Strong, who were related to Fischer and to whom he had once conveyed the property. Efforts to serve Fischer and the Strongs were successfully evaded. The former Mrs. Fischer resided in Oregon. The trial court ordered the summons and complaint constructively served upon each defendant "by publication in the Humboldt Standard, a newspaper printed and published in Eureka, the publication to run for one day." No complaint is made, save as noted above, that, procedurally, the requirements of constructive service were not complied with. Fischer received a copy of the complaint and of the summons which required his appearance in three days. Although when the documents were received at his residence he was not there, yet he received notice of their arrival on April 20, 1952. On April 23d he consulted an attorney, and on April 25th delivered to him copies of summons and complaint. On April 22d the attorney for the Piersons wrote the court clerk, returning the original process with proof of service and requesting the entry of default. April 28th Fischer's attorney contacted the Piersons' attorney and was told that the entry of default had been requested, that no stipulation extending time would be made because of the many indulgences already given to Fischer and that during the following week application would be made for judgment. On April 30th Fischer received a letter from his attorney stating he would not proceed without a retainer. No appearance was made. Fischer employed other counsel. Judgment was entered May 19th, 29 days after Fischer was first advised that summons and complaint had been received at his residence.

Fischer contends that his first motion to set aside the default judgment should have been granted, asserting that it was based upon section 473a of the Code of Civil Proceudre, which provides that if from any cause a summons in an action has not been personally served upon a defendant the court, upon terms that are just, may allow such defendant to answer on the merits

if application be made within one year. He says that when the application is made under that section the court is without discretion to refuse relief. The contention is untenable. ▆ Neither section 473 nor section 473a of the Code of Civil Procedure was designed to afford relief from judgments validly entered upon constructive notice to those "who with full knowledge of such service upon them, by reason of receipt of a copy of the summons and complaint through the mail, remain inactive." (*Palmer* v. *Lantz*, 215 Cal. 320, 324 [9 P.2d 821] ; *Gardner* v. *Gardner*, 72 Cal.App.2d 270, 274 [164 P.2d 500] ; *Boland* v. *All Persons*, 160 Cal. 486, 490 [117 P. 547].) The application for relief addressed itself to the judicial discretion of the trial court and upon the facts recited we hold that the court did not abuse its discretion in denying Fischer's request.

Appellant contends further that his motion should have been granted upon the ground that the order for publication was void, so that no service whatever had been made upon him. In support of this contention he points out that he was not residing in Eureka where the property was located and where the publication was made and that more than one publication should have been made. But the statutes have clearly recognized the necessity of prompt judicial action in cases such as these. They give a defendant only three days in which to appear. They give the action precedence over other civil actions. ▆ And they commit to the trial court broad discretionary powers in selecting the medium of publication and fixing the number of publications to be made. Of course all presumptions must here be indulged in support of the orders made by the trial court and we hold that the record here discloses no abuse of discretion and must be upheld against the attacks here made.

After the denial of his first motion for relief appellant filed a second motion therefor. This motion was made on the ground that the entry of default and of the default judgment constituted proceedings taken against appellant through mistake, inadvertence, surprise and excusable neglect. The supporting affidavit sets forth that the property involved was of such worth that appellant's equity therein was of the value of $75,000 and that he alone of all the defendants was interested therein ; that the mailed copy of summons and complaint arrived at his house in Los Gatos on April 20, 1952, when he was at Lakeport, that he thereafter mailed the documents to his attorney and was by him on April 30th told that he al-

ready was in default and that proceedings would have to be taken to set that default aside; that he then procured another attorney who, on June 24th, made such application. He further avers, in effect, that his attorney had been misinformed by the Piersons' attorney and led to believe a default had already been entered, which was not true (we note here that this conflicts with the opposing affidavit of the Piersons' attorney); that because of this misinformation, he, appellant, was mistaken as to the status of the case, believing that the default had already been entered when, in fact, it was not entered until May 5th; that he believed he had 30 days to answer, in which he was further mistaken, but therein he relied upon his previous experience in lawsuits which led him to believe that he did have such 30 days' time. ▮ Here again the second motion was addressed to the sound discretion of the trial court. The showing, robbed of the claim of misinformation, presented a factual issue which the trial court determined. The memorandum opinion of that court, addressed to this second motion, shows that the court carefully considered the entire situation and arrived at the conclusion that justice required the judgment be permitted to stand. We hold upon the facts presented that the trial court's ruling must be upheld upon appeal.

▮ Turning, now, to the second appeal in the action brought by Fischer against the Piersons and others to set aside the trustee's sale and declare void the trustee's deed, the following situation is presented: It was alleged in the complaint that plaintiff had purchased the subject property and had given a note secured by a deed of trust for a part of the purchase price. A copy of that deed of trust was attached to the complaint and made a part thereof by reference. It was alleged that the trustee had sold the property to the Piersons and a copy of the trustee's deed was likewise attached to the complaint and made a part thereof by reference. It was then alleged that said sale was not made according to law nor according to the provisions of said deed of trust in this, that "no notice of said sale was either posted or published, nor was said sale postponed to said date by public announcement from any previous time fixed for sale; that the omission of said trustee to post or publish the notice of sale, or to publicly announce any postponement thereof was calculated to and did prevent competitive bidding at the sale of said property, and by reason of no competitive bids, the sum for which said property was sold was far below the real and true value there-

of." To this complaint respondents demurred generally. Their claim that the pleading did not state a cause of action against them rests upon certain provisions in the deed of trust and in the trustee's deed.

The deed of trust contains the following: "Trustee shall deliver to the purchaser its deed conveying the property so sold, . . . The recital in any such deed of any matters or facts, stated either specifically or in general terms, or as conclusions of law or fact, shall be conclusive proof of the truthfulness thereof." The trustee's deed contains the following language: "Said Trustee gave notice of the time and place of the sale of said property in accordance with the laws of the State of California and the terms of said Deed of Trust. Said Trustee complied with all of the provisions of law regarding the mailing of copies of notices of default and of sale and with all applicable provisions of law regarding the service and publication of the notices of default. Said property was sold by said Trustee at public auction on February 13, 1952, in the City of Eureka, County of Humboldt, in full accordance with the laws of the State of California, and the terms of said Deed of Trust. Said Grantees, being the highest bidders at such sale, became the purchasers of said property and paid therefor to said Trustee the amount bid, being Seventy Two Thousand Three Hundred and No/100 Dollars in lawful money of the United States."

It is obvious that the complaint, without reference to the provisions of the deed of trust and of the trustee's deed above recited, stated a cause of action or at least could have been amended to so state. ■ Generally, the rule is that:

"The power of sale under a deed of trust will be strictly construed, and in its execution the trustee must act in good faith and strictly follow the requirements of the deed with respect to the manner of sale. The sale will be scrutinized by courts with great care and will not be sustained unless conducted with all fairness, regularity and scrupulous integrity. . . ." (25 Cal.Jur., § 67, p. 83.)

As to sustaining demurrers without leave to amend, the rule has been broadly stated as follows: "As a matter of sound public policy litigation should be disposed of upon substantial rather than upon technicial grounds, and the trial judge should not sustain a demurrer without leave to amend where it is merely defective for uncertainty." (*Davis* v. *Wood*, 61 Cal.App.2d 788, 789 [143 P.2d 740]; see also *Wennerholm* v. *Stanford University Sch. of Med.*, 20 Cal.2d 713, 718, 720

[128 P.2d 522, 141 A.L.R. 1358].) However, if the recitals in the trustee's deed are in fact conclusive as between the parties to the deed of trust, then the complaint cannot be amended to state a cause of action based upon any claimed failure of the trustee to properly conduct the sale proceedings and the court did not err in sustaining the demurrer without leave to amend. We are not unmindful of the fact that fraudulent nonperformance of a trustee's duties participated in or known of by a buyer at the sale may afford grounds in equity for setting aside a transaction so procured. But in this whole record there is no suggestion that any fraud was practiced, nor, if fraud existed, that the Piersons had any knowledge thereof. The case, therefore, turns upon the conclusive character of these recitals. Such recitals have often received the attention of appellate courts. In *Bank of America* v. *Mc-Laughlin etc. Co.,* 40 Cal.App.2d 620, 633 [105 P.2d 607], recitals which were to all intents and purposes identical with those we have here, and which were based upon provisions in a deed of trust that likewise, for all practical purposes, was identical with the deed of trust here, the appellate court upheld the ruling of the trial court directing a verdict for the plaintiff therein after refusing to permit the defendant to offer evidence tending to refute the recitals. The court said:

"The appellant assigns error in the refusal of the trial court to receive evidence tending to refute the recitals in the trustees' deed on the ground that appellant was concluded by those recitals. The deed of trust provided: 'The recitals contained in any deed or deeds made pursuant to any sale of the property hereunder setting forth matters or facts with reference to the regularity or validity of said sale shall be conclusive proof of the truthfulness thereof, and such deed or deeds shall be conclusive against the Trustor and all other persons. The said matters or facts need not be stated specifically but may be stated in general terms and in conclusions.' The trustees' deed contained a recital that the property was sold to the grantee at the time, place, terms and conditions provided in the deed of trust 'and in all respects as provided by the laws of the State of California.' The appellant argues that though the deed of trust makes the recitals of everything leading up to the sale conclusive, it does not make the recital that a sale was actually held conclusive. For this reason the appellant offered to prove that no sale was had. The language of the deed of trust is not ambiguous. A matter or fact with

reference to the regularity or validity of the sale would clearly embrace the fact of sale, and the recital in the trustees' deed that the property was 'sold' at the time and place noticed will estop the claim that no sale was in fact made."

In *Central Nat. Bank* v. *Bell,* 5 Cal.2d 324, 327 [54 P.2d 1107], the Supreme Court said:

"The defendants on the trial endeavored to show that the notices required by section 692, subdivision 9, Code of Civil Procedure, did not remain posted for twenty days prior to the date of sale. The evidence was held inadmissible and excluded by the court. The court did not err in its ruling. It is sufficient in this respect to note that the trust deeds provided that in event of sale thereunder, the recitals in the trustees' deeds, of default, request to sell, publication and posting of notice, postponements of sale, etc., should be conclusive evidence of all such facts recited. In this action and on the record before us the defendants were concluded by the recitals in the trustees' deeds."

The same ruling was made in *Cobb* v. *California Bank,* 6 Cal.2d 389 [57 P.2d 924]. ▆▆▆ We hold that the trial court did not err in sustaining respondents' demurrer without leave to amend.

▆▆▆ Appellant contends that to hold the recitals in the trustee's deed to be conclusive against him is to violate the provisions of section 2953 of the Civil Code which declares:

"Any express agreement made or entered into by a borrower at the time of or in connection with the making of or renewing of any loan secured by a deed of trust, mortgage or other instrument creating a lien on real property, whereby the borrower agrees to waive the rights, or privileges conferred upon him by Sections 2924, 2924b, 2924e of the Civil Code or by Sections 580a or 726 of the Code of Civil Procedure, shall be void and of no effect."

The argument is not sound, for the reason that the provisions in the deed of trust here in question do not result in a waiver of the rights or privileges conferred by the Civil Code sections referred to. Those sections, speaking generally, establish certain procedures in the exercise of powers of sale conferred by deeds of trust and in the remedies of the beneficiary. And concerning all of them, appellant, by the instrument he executed, declared that the recitals in a deed made by his trustee that all of the duties of the trust respecting the sale had been complied with should bind him. In short, he thereby made the trustee his agent with such powers that

the trustee could bind him, notwithstanding he had not carried out the provisions of his trust. ■ As the Supreme Court said in *Mersfelder* v. *Spring,* 139 Cal. 593, 595 [73 P. 452] : Such stipulations ''in express terms give the trustee the authority to bind his principal by the mere execution of a deed containing the precise recitals.'' ■ As against a purchaser who does not participate in or know of the failure of the trustee to perform his duties, the recital that he has been true to his trust binds the trustee's principal and such purchaser may rely upon those provisions in purchasing at the sale.

We think it unnecessary to rule upon the legal issues presented by the motions to dismiss these appeals. We prefer to dispose of the motions by denial but in conjunction with our disposition of the appeals on the merits.

The motions to dismiss are denied; the judgments appealed from are affirmed.

Peek, J., and Schottky, J., concurred.