[S. F. No. 6203.  In Bank.—December 10, 1914.]

## BERNARDO BERRI, Appellant, v. MARIA ROGERO et al., Respondents.

JUDGMENT—SETTING ASIDE OF DEFAULT—DEFENDANTS NOT CONVERSANT WITH ENGLISH LANGUAGE.—An order vacating a default judgment entered in an action to recover damages for the malicious prosecution of a civil action will not be disturbed on appeal where it appears that the affidavits used on the motion, which were uncontradicted, declare that the defendants were foreigners unable to read or write the English language, and that although they called on an attorney and requested him to defend the action, they did not know that another call upon him was necessary to verify the answer; and it further appears, from the recital in the order and judgment setting aside the default, that oral evidence, not disclosed in the record, was introduced at the hearing of the motion.

ID.—MOTION TO VACATE DEFAULT—ORAL EVIDENCE—PRESUMPTION ON APPEAL.—Since it appears from such order itself that, in addition

to the affidavits of the defendant, oral evidence was heard upon the motion to vacate the default, and that upon this evidence, as well as upon the affidavits, the order was made, the appellate court must presume, even if it is conceded that the affidavits in themselves were insufficient to sustain the order, that the oral testimony introduced upon the hearing warranted the trial court in setting aside the default and judgment.

ID.—APPEAL—OMISSION OF EVIDENCE FROM RECORD—PRESUMPTION.— Where evidence is omitted from the record an appellate court must presume that the omitted evidence fully justified the order appealed from, although the evidence contained in the record itself is insufficient.

ID.—DEFAULT JUDGMENTS—LAW DOES NOT FAVOR.—The law does not favor snap judgments. The policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary.

ID.—VACATION OF DEFAULT—SUFFICIENCY OF EVIDENCE TO WARRANT.— Where a party in default makes a seasonable application to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff files no counter affidavit and makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default.

ID.—DISCRETION OF COURT—REVIEW ON APPEAL.—Granting relief against a default is largely a matter of discretion, to be liberally exercised by the court in the furtherance of justice, and where the action of the trial court will result in a trial upon the merits, the appellate courts are very reluctant to interfere with the exercise of such discretion, and will do so only where it clearly appears that there has been a plain abuse of discretion.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a default and vacating a judgment. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto, for Appellant.

S. J. Hankins, and H. J. Hankins, for Respondents.

SULLIVAN, C. J.—Appeal from an order setting aside default and vacating judgment.

Plaintiff, Bernardo Berri, sued Maria Rogero and Pietro Rogero to recover one thousand dollars for alleged malicious

acts of Maria Rogero and malicious prosecution by her of a civil action. The facts alleged in the complaint and out of which the cause of action arose are, in brief, as follows:

Berri had commenced an action against Pietro Rogero in the justice court of San Francisco to recover two hundred dollars on Pietro's promissory note; a writ of attachment was issued in the case, and a levy was made by the sheriff upon one computing scale and one cash register in the possession of Pietro. In his complaint against the defendants herein the plaintiff alleged that Maria Rogero, maliciously intending and contriving to annoy and injure plaintiff and without probable cause, claimed the property attached as her own, thereby compelling Berri to furnish the sheriff an indemnity bond in the sum of five hundred dollars to hold the levy. He further alleged that thereafter Maria Rogero maliciously and without probable cause, in her individual capacity, and as guardian *ad litem* of four infants, brought an action against himself and the sheriff for the recovery and possession of the property attached, or the value thereof—two hundred dollars—in case delivery could not be had, and fifty dollars damages. This action, it is alleged, terminated in favor of Berri and his codefendant, the sheriff. By reason of the aforesaid acts, Berri claimed in his complaint that he "was greatly annoyed and was caused great inconvenience and much loss of time and put to considerable money outlay in defending said actions of defendant herein, Maria Rogero," to his damage in the sum of one thousand dollars, for which amount he prayed judgment against both defendants. No cause of action whatever is alleged in the complaint against Pietro. He is not charged with any wrongful act, but, as stated by plaintiff in his complaint, "all of the aforesaid acts were done by the defendant Maria Rogero maliciously, without probable cause, etc." From the affidavits used on motion to set aside the default it appears that Pietro is the husband of Maria, but the plaintiff did not in his complaint allege that fact, nor did he allege any fact from which the relation of husband and wife between defendants could be inferred. The complaint was verified. The summons in the action was duly served on defendants in April, 1911. After time to plead had been repeatedly extended, the defendants, on the thirty-first day of May, 1911, by their attorney, filed an unverified answer to the complaint, containing a general denial and nothing

more.  Thereafter the plaintiff moved for an order striking from the files the unverified answer.  This motion was met by a counter motion, made through the same attorney, for leave to file a verified amended answer.  In support of this motion the attorney filed an affidavit in which he stated that he had written twice to the defendants, requesting them to call at his office to verify their answer; that he had received no reply from them, or either of them, and that defendants failed to call at his office because, as he believed, the letters were lost in the mail or the defendants, through ignorance of the English language and of the laws of this state, did not realize the necessity for verifying their answer.  On the twenty-third day of June, 1914, the motion to strike out the unverified answer was granted and leave to file a verified amended answer was denied.  In the order denying the motion the court ordered a stay of proceedings for ten days "to allow counsel for defendants to bring defendants into court and show why the order denying leave to file a verified answer should be set aside and vacated."  The record does not disclose that counsel for the defendants did within the ten days specified, or at all, bring or attempt to bring his clients into court to show cause as provided in the order or that he communicated or tried to communicate with them concerning the case.  Judgment by default was rendered on July 24, 1911, in favor of plaintiff and against both the defendants for the sum of five hundred dollars.  Thereafter each of the defendants, through substituted attorneys, separately moved the court to set aside the default and judgment taken against them.  The motions were heard on the twenty-fifth day of August, 1911.  In each instance the motion was based upon inadvertence, surprise, and excusable neglect, and in the case of Pietro upon the additional ground that the complaint failed to state any cause of action against him.  It appears from the affidavits used on the motion that the defendants are foreigners—Italian-Swiss—and utterly unable to understand, read, or write the English language; that Maria Rogero called once at the office of her original attorney and requested him to defend the action; that the defendants are unacquainted with legal procedure and judicial proceedings, and that they did not know that it was necessary for another call to be made upon the attorney; that they did not know and were not informed that any other act upon the part of either was

necessary to present a defense to the action. They each deposed that if their attorney sent any letter to the affiant, the same was not read by either by reason of their ignorance of English; that no letter from him was read to either by any one, and that the contents of any letter from him were not made known to either. The usual affidavit of merits accompanied the moving papers. No counter affidavit was filed by or on behalf of Berri in opposition to the motions. The court set aside the default and judgment and imposed terms upon the defendants by requiring them to pay the plaintiff his costs of action amounting to $27.70. The record comes before this court upon a bill of exceptions. Evidently oral testimony was heard upon the motion, for the order setting aside the default and judgment recites, among other things, that upon a hearing of the motion "*oral and documentary evidence* being introduced, and the affidavits of the defendants herein and all the records, files and proceedings in said action being duly read and considered, and after argument by respective counsel said cause was on the said 25th day of August, 1911, duly submitted to the court for consideration and decision, etc." No evidence, however, appears in the record other than the affidavits above mentioned found in the bill of exceptions.

We cannot say that the lower court, upon the showing made by the defendants in their uncontradicted affidavits, committed error in setting aside the default and judgment. The law does not favor snap judgments. The policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. Where a party in default makes seasonable application to be relieved therefrom, and files an affidavit of merits alleging a good defense, and the plaintiff files no counter affidavit and makes no showing that he has suffered any prejudice or that injustice will result from the trial of the case upon its merits, very slight evidence will be required to justify a court in setting aside the default. A broad discretion is allowed to courts in granting relief against default, and it is in cases only where the lower court has abused its discretion that the appellate court will reverse its action. Counsel for appellant and respondents in their briefs agree, and this court agrees with them, that the following is a correct statement of the rule

applicable to courts in dealing with defaults: "It is largely a matter of discretion, to be liberally exercised by the court in the furtherance of justice, and where the action of the trial court will result in a trial upon the merits, the appellate courts are very reluctant to interfere with the exercise of such discretion, and will do so only where it clearly appears that there has been a plain abuse of discretion." In *O'Brien* v. *Leach*, 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004], this court thus lays down the rule upon the subject: "In matters of this sort, the proper decision of the case rests almost entirely in the discretion of the court below, and this court will rarely interfere, and never unless it clearly appears that there has been a clear abuse of discretion. This court will usually sustain the action of the court below upon the same facts, whether that decision is for or against the motion; but it is much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand, and it appears that a substantial defense could be made." In view of the rule thus admitted and declared, if the lower court had before it only the affidavits of the defendants upon the hearing of their motion this court could not say that it had abused its discretion in setting aside the default and judgment. But it appears from the order itself that, in addition to the affidavits of the defendant, oral evidence was heard upon the motions and that upon this evidence, as well as upon the affidavits, the order was made. That being so, this court must presume, even if it be conceded that the affidavits in themselves were insufficient to sustain the order, that the oral testimony introduced upon the hearing warranted the court in setting aside the default and judgment. It is a well-settled rule of law that where evidence is omitted from the record this court must presume that the omitted evidence fully justified the order appealed from, although the evidence contained in the record itself is insufficient.

It follows from the foregoing that the order appealed from must be and the same is hereby affirmed.

Henshaw, J., Shaw, J., Sloss, J., Angellotti, J., Lorigan, J., and Melvin, J., concurred.