[Civ. No. 1544. First Appellate District.—September 1, 1915.]

E. H. FRANCIS, Appellant, v. R. A. TRACEY, Respondent.

Judgment—Order Setting Aside Default—Discretion of Court.— An order of the trial court granting a motion to set aside a default to permit an action to be tried on its merits, will not be disturbed upon appeal in the absence of a clear showing of an abuse of discretion on the part of the trial court.

Id.—Order Setting Aside Default—Proper Exercise of Discretion. It is held in this case that the trial court did not abuse its discretion in setting aside the default under the facts as presented.

APPEAL from an order of the Superior Court of Alameda County granting a motion to set aside a default and judgment against the defendant. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

Perry & Perry, and Raymond Perry, for Appellant.

J. L. Smith, for Respondent.

THE COURT.—This is an appeal from an order granting a motion to set aside a default and judgment against the defendant. The default was taken and judgment entered thereon on June 7, 1913. On August 27, 1913, the defendant moved the court to set aside the default and vacate the judgment upon the ground that the court had never acquired jurisdiction over the person of the defendant. Upon the hearing of this motion the court made an order denying the same "without prejudice." The particular reason which led the court to make this qualified order does not appear; but the defendant immediately renewed the motion upon the same ground, and also upon the further grounds of accident, surprise, inadvertence, and excusable neglect. In support of this motion the defendant filed a further affidavit reiterating the matter presented upon her former motion, and setting forth in addition thereto certain facts in support of her claim of excusable neglect. There was also included therein an affidavit of merits, wherein she deposed that she had stated "the full facts of the case" to her attorney, and had been advised by him and verily believed that she had a good and meritorious defense to the action. This second motion was heard by the court upon the showing made upon the first motion, and also upon the last named affidavit of the defendant, the plaintiff filing no response to the defendant's affidavit of merits showing that he would be in any way prejudiced by the reopening of the case. The court granted the second motion of the defendant, and from its order made in that behalf the plaintiff appeals.

The rule is well settled that an order of the trial court granting a motion to set aside a default and permit an action to be tried on its merits, will not be disturbed upon appeal in the absence of a clear showing of an abuse of discretion on the part of the trial court. The latest expression of this principle is to be found in the case of *Berri* v. *Rogero*, 168 Cal. 736, [145 Pac. 95], in which the court says: "The policy of the law is to have every litigated cause tried on its merits; . . . Where a party in default makes seasonable application

to be relieved therefrom (his surprise, mistake, or inadvertence), and files an affidavit of merits alleging a good defense, and the plaintiff files no counter affidavit and makes no counter-showing that he has suffered any prejudice or that injustice will result from the trial of the cause upon its merits, very slight evidence will be required to justify a court in setting aside the default.''

Upon a careful examination of the record in the case at bar, and a thorough discussion of the subject on oral argument, we are convinced that there is no such clear abuse of discretion on the part of the trial court as would require a reversal of its order. While it is true that the court denied the first motion of the defendant based upon the sole ground that she had not been served with process, the fact that such motion was denied without prejudice to its renewal would seem to indicate that there was some doubt in the mind of the court as to whether defendant had been properly served; and this taken in connection with defendant's further affidavit reiterating her denial of service, and containing some facts tending to show excusable neglect, we think were sufficient to warrant the trial court, in the exercise of a sound discretion, in concluding to set aside the default and judgment and permit the cause to go to trial on the merits.

The plaintiff's objection to the defendant's affidavit of merits is captious; and the fact that no counter-showing of substantial prejudice to the plaintiff as the result of the granting of the order, was made by him, satisfies us that this case comes clearly within the rule as stated in *Berri* v. *Rogero,* 168 Cal. 736, [145 Pac. 95].

Order affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 28, 1915.