[Civ. No. 2275.  Second Appellate District, Division Two.—November, 5, 1919.]

OSCAR BANSE, Appellant, v. A. C. WELLS, Respondent.

[1] DEFAULT—ORDER SETTING ASIDE—DISCRETION NOT ABUSED.—In this action to quiet title, in view of the age and inexperience of defendant, and the apparent confusion as to time and manner of his appearance in the matter arising from his conversation with the process server, the court did not abuse its discretion in granting the defendant's motion to vacate the default judgment entered against him.

[2] ID.—POLICY OF LAW — TRIAL UPON MERITS.—The policy of the law is to have every litigated case tried upon its merits, and

it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary.

[3] ID.—DISPOSITION OF APPELLATE COURT—AFFIRMANCE OF ORDER.—The appellate court is much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand and it appears that a substantial defense could be made.

APPEAL from an order of the Superior Court of Los Angeles County granting a motion to vacate a default judgment. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. T. Sherer for Appellant.

William Hazlett for Respondent.

THOMAS, J.—This is an action to quiet title. Summons and complaint were duly and legally served on defendant, who did not appear. Default judgment was entered accordingly. Four days after the entry of judgment defendant gave notice of motion to vacate said default and set aside the judgment. This motion was presented to, considered, and granted by the court on October 30, 1916. This appeal is from the order granting said motion.

[1] Appellant insists that the court abused its discretion in granting the motion referred to. We do not think so.

In view of the fact that this case presents one of those points which has been up so frequently, and so much having been said bearing thereon, both by this court and the supreme court, that neither bar nor bench has the time or disposition to dwell further on a long, or any, statement of the facts here, we desist from so doing. Suffice it to say that we have read the entire record, and are satisfied that the court had enough before it to support the order made, in view of the age and inexperience of defendant, and the apparent confusion as to time and manner of his appearance in the matter, arising from the conversation with the process server. [2] As has been so frequently stated, "the policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who, re-

gardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence or neglect of his adversary." (*Berri* v. *Rogero*, 168 Cal. 736, [145 Pac. 95].) This language, we think, is especially fitting to the case at bar. It is conceded by appellant that there was negligence on the part of defendant—an old man of seventy years—but insists that such negligence is not so excusable and so important a matter, as disclosed by the record, as to warrant the court below, without abusing its discretion, to enter the order appealed from.

Appellant also insists, for his own protection, upon mere technicality, rather than to submit to a trial on the merits. [3] "This court is much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand, and it appears that a substantial defense could be made." (*O'Brien* v. *Leach*, 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004].)

There was no abuse of discretion practiced by the learned trial judge in entering the order appealed from.

The order appealed from is affirmed.

Finlayson, P. J., and Sloane, J., concurred.