[Civ. No. 9721.  First Appellate District, Division One.—February 21, 1936.]

PAUL DOXEY, Appellant, v. WARREN DOBLE, Respondent.

Fitzgerald, Abbott & Beardsley for Appellant.

Cross & Brandt for Respondent.

KNIGHT, J.—Plaintiff obtained a default judgment against the defendant based on constructive service of summons in an action to recover a sum of money claimed to be due for labor and materials; and subsequently, on defendant's motion and pursuant to the provisions of section 473a of the Code of Civil Procedure, the trial court made an order setting aside the judgment and granting defendant leave to answer. Plaintiff appealed from the order, and as first ground for reversal contends that the trial court did not exercise its jurisdiction in making said order within the limitation of time fixed therefor by said code section. We find no merit in the point.

Section 473a reads as follows: ''When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time *within one year after the rendition of any judgment* in such action, to answer to the merits of the original action.'' (Italics ours.) Admittedly in the present action the summons was not personally served. It was published, and a copy of the complaint and summons was mailed to the defendant at Kassel, Germany. His default was entered on June 14, 1933, and on September 1, 1933, the cause was brought before the court for hearing, on which date judgment in plaintiff's favor was

rendered by the court and entered by the clerk. On August 23, 1934, defendant presented his motion, attached to which was a copy of the answer he asked leave to file; and the motion was supported by defendant's affidavit in which he averred, among other things, that he never received the copy of the complaint and summons, and that not until August 2, 1934, did he learn of the pendency of the action and the rendition of the judgment. On August 30, 1934, the order was made granting leave to file the answer, which, as will be noted, was within one year after the rendition of the judgment, and therefore, construing said code section literally, within the limitation of time fixed thereby.

Plaintiff contends, however, that despite the plain and unambiguous wording of said code section, the clause "within one year after the rendition of any judgment" should be construed to mean within one year after the entry of the default in the action. The contention is based upon the following premise: In 1933 the legislature recast section 473 of said code by splitting the second paragraph thereof. The first sentence of said paragraph remained part of the revised section 473, but the second sentence thereof was reenacted almost *verbatim* into a separate section and numbered 473a, the reason given therefor by the code commission being that section 473 was too long and related to too many matters (see note to section 473a, Deering's 1933 Supplement to Codes, etc., p. 79).

Before such segregation was made, the first sentence of said paragraph provided, as does section 473 now, that the court may upon such terms as may be just, relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; "provided, that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken . . ."; and in dealing with proceedings instituted under the foregoing provision it has been held that where a party defaults after personal service of summons and asks to be relieved of his default and the judgment entered pursuant thereto upon the ground of his mistake, inadvertence, surprise or excusable neglect, the clerk's entry of the default and not the entry of the judgment by the court fixes the beginning of the six months within which his application

for relief must be made. (*Title Ins. & Trust Co.* v. *King Land & Imp. Co.*, 162 Cal. 44 [120 Pac. 1066]; *McLain* v. *Llewellyn Iron Works*, 56 Cal. App. 58 [204 Pac. 869].) ▆

Plaintiff argues, therefore, that in proceedings instituted for relief under the authority of section 473a (formerly the second sentence of the second paragraph of section 473), that is to say, in cases where judgment has been taken against a party not because of any default on his part but upon whom there has been no personal service of summons, the one-year period fixed by said section within which the trial court may exercise its discretion in allowing the defendant to answer should begin to run also from the date of the clerk's entry of the default and not, as the statute plainly states, from the rendition of the judgment. Plaintiff has cited no case, however, which sustains his view, and obviously, in the absence of forceful reasons, to place the construction contended for by him on the clear provisions of the newly enacted section 473a would not only do violence to the positive language employed by the legislature in the enactment of that section, but of necessity would in effect require a revision of said section by striking therefrom its most important clause and substituting therefor a clause fixing a limitation of time for the exercise of the trial court's jurisdiction thereunder different from the one fixed by the legislature; and of course the courts have no such authority to encroach on legislative power.

An analysis of the reasons given by the decisions for the adoption of the rule governing proceedings instituted by a defaulting party for relief upon the ground of his mistake, inadvertence, surprise or excusable neglect, clearly demonstrates that those reasons cannot be made to serve for the adoption of the same rule with respect to relief sought under section 473a. In the former class of cases, as the decisions point out, it is the "proceeding" involving the entry of the clerk's default, which has been brought about by the party's own omission after personal service of summons, as distinguished from the entry of the judgment pursuant to such default, from which the party seeks to be relieved; and therefore it is held in conformity with the concluding provisions of that portion of the code section, that the application for relief in such cases must be made within six months "after such . . . proceeding [involving the entry of default] was taken . . . " But as will be seen, the provisions of section 473a cover an

entirely different class of cases, namely, those where there has been no personal service of summons, and consequently no default on the part of the defendant brought about by his own omission from which he seeks to be relieved on the ground of his mistake, inadvertence, surprise or excusable neglect; and in such cases it was evidently the intention of the legislature, as indicated by the plain provisions of said code section to allow the trial court one year after the rendition of a judgment within which it may exercise its discretionary power in granting appropriate relief to enable the defendant to answer to the merits of the action.

The case of *Macbeth* v. *Macbeth,* 219 Cal. 47 [25 Pac. (2d) 11], which plaintiff emphasizes, is not in point for the reason that although involving a motion to set aside a judgment obtained through constructive service of summons, the decision did not turn on the question here presented. It was a divorce case, and the denial of the motion for relief was placed upon the ground that the motion was not made until approximately 23 months after the date of the entry of the interlocutory decree, which decree, the court held, it was necessary to set aside in order to grant effective relief. In discussing the issues there presented the court referred to the rule of the cases relied on by plaintiff herein, governing the setting aside of default judgments obtained after personal service of the summons; and the cases of *Title Ins. & Trust Co.* v. *King Land & Imp. Co., supra,* and *McLain* v. *Llewellyn Iron Works, supra,* were cited as declaring such rule. But an examination of the decision in the Macbeth case shows that the question of the application of the rule of the two cases cited was not the determinative factor in denying the motion.

█  Nor do we find any merit in plaintiff's second point, that defendant's supporting affidavit is legally insufficient to warrant the granting of any relief. In this regard plaintiff contends that it is essential to aver facts surrounding, leading to and resulting in the actual discovery of the existence of the judgment, that it is not enough to aver merely that the discovery thereof was not made until a certain date. As shown by the following cases the rule sought to be invoked by plaintiff applies in cases where mistake, inadvertence, surprise or excusable neglect constitute the grounds for relief, but does not govern in cases such as we have here, where the default

judgment is obtained without personal service of summons. (*Gray* v. *Lawlor*, 151 Cal. 352 [90 Pac. 691, 12 Ann. Cas. 990] ; *Boland* v. *All Persons, etc.*, 160 Cal. 486 [117 Pac. 547] ; *Hiltbrand* v. *Hiltbrand*, 218 Cal. 321 [23 Pac. (2d) 277] ; *In re Mercereau*, 126 Cal. App. 590 [14 Pac. (2d) 1019].) In the present case defendant avers in his affidavit in positive terms that he never at any time received a copy of the summons and complaint by mail or otherwise; that he learned for the first time on or about August 2, 1934, of the existence of the action and the entry of judgment; and that at no time prior to that date was he advised nor did he know that the action was pending. Such averments are amply sufficient to conform to the requirements of the decisions above cited.

The order is affirmed.

Tyler, P. J., and Cashin, J., concurred.