[Civ. No. 6220.   Third Appellate District.—April 18, 1939.]

In the Matter of the Guardianship of ORVILLE DeVON STANFIELD et al., Minors.

A. W. Hollingsworth for Appellant.

L. G. Hitchcock and Fred H. Steinmetz for Respondent.

PULLEN, P. J.—This is an appeal from an order revoking letters of guardianship issued to appellant herein. The record discloses that in April, 1936, an action entitled *Rita Case Stanfield, Plaintiff,* v. *Orville Heber Stanfield, Defendant,* was filed in the Fourth Judicial District of Utah County, State of Utah, and in a judgment therein, the custody and control of the persons and estates of Orville DeVon Stanfield and Duane William Stanfield, the minor sons of the parties, was given to the mother, Rita Case Stanfield. Thereafter without the knowledge or consent of Mrs. Stanfield, the husband abducted the minors while in the city of Boise, Idaho, and brought them to California. Within a few days thereafter Stanfield instituted guardianship proceedings in the County of Sonoma, State of California, and the court ordered that a citation directed to Rita Case Stanfield issue requiring her to appear and show cause why the petition should not be granted, and further directing that this citation, together with a copy of the petition be sent by registered mail to Mrs. Stanfield at Boise, Idaho. Service was made as ordered and was received by Mrs. Stanfield by registered mail at Boise, Idaho, on August 13, 1937. On August 27, 1937, Mrs. Stanfield not having appeared in the proceedings, the court appointed Stanfield as guardian of said minor children.

Several months thereafter, on May 13, 1938, Mrs. Stanfield, upon notice to Stanfield, moved for leave to answer the petition, and at the same time presented her supporting affidavit and proposed verified answer. On May 16th, this motion came on for hearing, at which time the court made its order vacating its previous order appointing Stanfield guardian and appointed Mrs. Stanfield as the guardian of the persons and estate of said minor children.

It is from the order vacating the previous order appointing appellant guardian that this appeal is taken.

█ It is the contention of appellant that the court erred in setting aside its previous order and appointing respondent guardian, for the reason there is no showing of merit in the motion to vacate the judgment, and that no showing of due diligence appeared in the record. In this appellant is in error. The affidavit of Rita Case Stanfield accompanying her application for permission to answer the petition of Stanfield shows that she is the mother of two minor sons; that the children were awarded to her custody and control by the District Court of the Fourth Judicial District in and for the County of Utah, State of Utah, and that Orville Stanfield was personally served with process therein, and that he was, by the court, directed to pay $25 a month for the support of his wife and children, but had paid nothing; that Stanfield abducted and kidnapped the minors from the custody of affiant and brought them to California, where he instituted these proceedings.

The verified answer which petitioner filed with her motion and proposed to file if permission was granted so to do, set forth similar facts, and also alleged therein that she was a fit and proper person to be appointed as the guardian of said minors. This we believe constituted a sufficient showing of merit to justify the court's decision under section 473a of the Code of Civil Procedure. In *Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353], the objection was there made that no affidavit of merit had been presented, but the court received and considered the verified answer, which was held sufficient to meet all of the requirements of an affidavit of merit. █ The evidence which the court heard upon the motion was also sufficient, we must assume, to support the court's finding that respondent had a meritorious defense to the guardianship petition.

█ It is next contended by appellant that in seeking relief under the provisions of section 473a of the Code of Civil Procedure, the moving party must be free from laches.

Mrs. Stanfield was served by publication, and in *Hiltbrand* v. *Hiltbrand,* 218 Cal. 321 [23 Pac. (2d) 277], the court said:

"In applications for relief under this clause of the section there is no presumption of neglect, as in cases where there has been personal service. The party is not required in the first

instance to do more than show that he has not been personally served and that he had a good defense to the action on the merits which he could have presented had he been informed of its pendency. (*Gray* v. *Lawlor*, 151 Cal. 352 [90 Pac. 691, 12 Ann. Cas. 990], *supra*.) But his opponent may show in opposition to the application, that the applicant had actual notice of the action in time to have entered an appearance and present the defense, and that the failure to do so was owing to his neglect or to his consent to the judgment. In that event, a case arises for the exercise of the discretion of the court and it must determine whether or not the laches is of a character that should preclude the relief."

In the case of *Gray* v. *Lawlor*, 151 Cal. 352 [90 Pac. 691, 12 Ann. Cas. 990], the court, in considering this question, held that there was no presumption of lack of diligence against one where service is made by publication as there is where one is personally served. If there was any neglect to the injury of the opposite party, which would make it inequitable to grant relief, proof of such neglect and of the circumstances causing injury must be established by the plaintiff. Here there is no showing of any prejudice or that Stanfield suffered any injury from the vacation of the order, other than being compelled to meet the defense which may be made. The relief here asked for lies within the sound discretion of the trial court, and there is nothing to show any abuse of discretion.

The order appealed from must be affirmed, and it is so ordered.

Tuttle, J., and Thompson, J., concurred.