[Civ. No. 12902. Second Dist., Div. Two.—June 17, 1941. Opinion as modified.]

MAURICE LANFRIED, Appellant, v. WALLACE BOSWORTH et al., Respondents.

Max Fink and Ray Sandler for Appellant.

Charles E. Taintor, Sam Wolf and Leo Shapiro for Respondents.

WOOD, Acting P. J.—Plaintiff commenced this action to recover damages for injuries which he suffered when the automobile which he was driving collided with an automobile driven by defendant Dolores Davis, which was owned by defendant Bosworth and registered in the name of defendant Like. The accident occurred on April 6, 1938, on Los Feliz Boulevard near its intersection with Griffith Park Boulevard in the city of Los Angeles.

A joint answer was filed by defendants Davis and Bosworth but neither of these defendants appeared at the trial either in person or by counsel. A separate answer was filed by defendant Like, who appeared at the trial and contested plaintiff's claim. The trial court found against defendants Davis and Bosworth and rendered judgment against them in the sum of $2,137. The judgment was entered on January 6, 1939, and on the same date judgment was entered in favor of defendant Like. On February 16, 1939, plaintiff caused to be served and filed a notice of motion to set aside and vacate the judgments and to enter a judgment under sections

663, 663a of the Code of Civil Procedure against all three defendants. On February 28, 1939, defendant Bosworth caused to be served and filed a notice of intention to move for a new trial. On March 8, 1939, and prior to the hearings on the two motions just mentioned, plaintiff caused to be served and filed his notice of appeal from that portion of the judgment which ordered and adjudged that defendant Like have judgment against plaintiff. A minute order was entered on April 18, 1939, denying plaintiff's motion to vacate the judgment and to enter a new judgment against the three defendants. A minute order was entered on April 17, 1939, amending the original findings by inserting a provision that the automobile in question was driven by defendant Davis without the consent and permission of defendant Bosworth. By the same minute order the judgment against Bosworth was vacated and a new trial was granted to him on the grounds of insufficiency of the evidence to support the judgment and that the judgment as to Bosworth was contrary to law. Thereafter plaintiff appealed from the above-mentioned minute orders affecting defendant Bosworth.

█ The trial court found that plaintiff's injuries were suffered as a result of the negligence of defendant Davis in driving the automobile in question. It is a criminal offense for any person to drive an automobile not his own without the consent of the owner and in the absence of the owner (Veh. Code, sec. 503). Section 1963 of the Code of Civil Procedure enumerates disputable presumptions, among them being the presumptions that a person is innocent of crime or wrong and that the law has been obeyed. The record before us is barren of any evidence concerning the relationship between defendants Bosworth and Davis unless it be that some mutual relationship was shown by their filing a joint answer. In determining whether defendant Davis was driving the automobile with the consent of defendant Bosworth the court was confronted with the presumption that defendant Davis was innocent of crime or wrong. This presumption is sufficient to support a finding that defendant Davis operated the car with the consent of defendant Bosworth. Indeed, no contrary finding could be supported by the evidence. The code section provides that the presumption is "satisfactory" unless controverted by other evidence, but no other evidence was presented to the court. In *Prickett* v. *Whapples,* 10 Cal.

App. (2d) 701 [52 Pac. (2d) 972], it was held that "the presumption arises that one operating the automobile of another has the necessary consent to make his act lawful". Manifestly the trial court erred in concluding that the findings should be amended and that the evidence was insufficient to support the original judgment against defendant Bosworth and that it was contrary to law.

No petition for a rehearing was filed by defendants Bosworth and Davis but defendant Like has filed a petition for a rehearing in which she calls our attention to the fact that the bill of exceptions does not purport to contain all of the material evidence received at the trial. She asserts that certain witnesses, whom she names, testified to facts which if true establish that she is not liable. The certificate of the trial judge, although somewhat indefinite, is sufficient to support an affirmation of the original judgment entered against defendants Davis and Bosworth. The certificate shows however that material evidence was received which may have had bearing upon the liability of defendant Like. It was plaintiff's duty to furnish this court with a complete record properly certified. This he has not done and this court must presume that evidence omitted from the record fully justified the judgment of the trial court in favor of defendant Like. (*Berri* v. *Ragero,* 168 Cal. 736 [145 Pac. 95] ; *Haase* v. *Central Union H. S. Dist.,* 27 Cal. App. (2d) 319 [80 Pac. (2d) 1044].)

The order made on April 17, 1939, amending the findings of fact and conclusions of law and vacating the judgment against defendant Bosworth and granting him a new trial is reversed. The judgment in favor of defendant Like is affirmed.

McComb, J., concurred.

A petition for a rehearing was denied July 17, 1941, and appellant's petition for a hearing by the Supreme Court was denied August 14, 1941.