[Civ. No. 6635. Third Dist. Feb. 28, 1942.]

W. W. THOMPSON, Plaintiff and Respondent, v. R. R. SUTTON, Defendant and Respondent; ASA E. HULL et al., Appellants.

Henry F. Wrigley and Albert Mansfield for Appellants.

R. R. Sutton in pro. per. and Kirkbride & Wilson for Respondents.

COMSTOCK, J. pro tem.—This is an appeal from orders denying motions of the appellants to vacate and set aside a default and judgment, and to permit them to answer and defend the action on its merits.

The action was commenced as a suit in partition by the plaintiff, W. W. Thompson, against the defendant R. R. Sutton and "all persons unknown who have or claim any right, title, estate, interest or lien in or upon the real property described in the complaint or any part thereof." It was alleged that plaintiff owned a four-fifths interest and defendant R. R. Sutton owned a one-fifth interest in six lots in the city of San Carlos. There were allegations that no other persons claimed any interest in the property excepting the persons designated as "all persons unknown," etc., and as to them that their claims were without any right whatsoever. The prayer was for a partition of the real property according to the respective rights of plaintiff and the de-

fendant R. R. Sutton and that their title be quieted against all others. Service of summons upon defendants "all persons unknown," etc., as described in the complaint, was made by publication once a week for two months in a newspaper published in the city of San Mateo. On February 25, 1938, the defendant Sutton, appearing in propria persona, filed an answer admitting the allegations of the complaint and on that date the default of the defendants "all persons" was demanded and entered and plaintiff and defendant Sutton made and filed a written stipulation waiving notice of trial, written findings, appointment of a referee and an interlocutory decree. On the same day a final decree of partition was entered, allotting to plaintiff five lots and to defendant Sutton one lot and further decreeing that "all persons unknown who have or claim any right, title, estate, interest or lien in or upon the real property described in the complaint, or any part thereof, have and each of them has no right, title, estate, interest or lien of, in or to the said real property or any part thereof, and that they and each of them be, and they are hereby forever banned and foreclosed from claiming any interest therein, and that the title of said plaintiff W. W. Thompson and defendant R. R. Sutton be and the same is hereby quieted as to their said claims."

Thereafter on November 7, 1938, appellant Asa E. Hull served and filed a notice of motion to vacate default and judgment and to be permitted to file an answer and to defend the action on its merits upon the ground that he had not been personally served with summons in said action. Said notice of motion was accompanied by a supporting affidavit and a verified proposed answer. On December 13, 1938, appellants Sagehorn, Mewhirter, McIntyre, Pratt and O'Conner filed a like motion with supporting affidavits and a verified proposed answer. On February 6, 1939, the city of San Carlos served and filed its notice of motion to the same effect with supporting affidavit and verified proposed answer. To each of said motions the plaintiff W. W. Thompson interposed an opposition by counter-affidavit. Upon hearing and submission of the motions, they were denied in two orders, one pertaining to the motion of the city, the other to the motion of the other applicants.

Appellants contend that as a matter of law they are entitled to have the default and judgment set aside and to appear and answer in said action and defend the same on its merits.

■ The policy of the law is correctly stated by appellants in their brief wherein they quote from *Waybright* v. *Anderson*, 200 Cal. 374 [253 Pac. 148], at page 377, as follows:

"Moreover, it is the policy of the law to favor, wherever possible, a hearing on the merits and appellate courts are 'much more disposed to affirm an order when the result is to compel a trial upon the merits than it is when the judgment by default is allowed to stand, and it appears that a substantial defense could be made.' (*O'Brien* v. *Leach, supra* [139 Cal. 220 (96 Am. St. Rep. 105, 72 Pac. 1004)], *Downing* v. *Klondike Min. Co., supra* [165 Cal. 786 (134 Pac. 970)], *Porter* v. *Bryson, supra* [35 Cal. App. 688, 690 (170 Pac. 1068)].) This is clearly indicated in the case of *Berri* v. *Rogero,* 168 Cal. 736, 740 [145 Pac. 95, 97], wherein it is stated that 'The policy of the law is to have every litigated case tried upon its merits, and it looks with disfavor upon a party who, regardless of the merits of his case, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. . . . A broad discretion is allowed to courts in granting relief, against default, and it is in cases only where the lower court has abused its discretion that the appellate court will reverse its action.'

"Section 473 of the Code of Civil Procedure is a remedial provision and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a subsisting cause of action or a substantial defense thereto an opportunity to present it. It is for this reason that appellate courts more readily listen to an appeal from an order refusing to set aside default than where the motion has been granted, since in such case the defaulting party may be deprived of a substantial right. (*Nicoll* v. *Weldon,* 130 Cal. 666 [63 Pac. 63].)"

■ They base their contentions upon the provisions of section 473a of the Code of Civil Procedure. A party seeking relief under said section is not required in the first instance to do more than show that he has not been personally served with summons and that he has a good defense to the action on the merits which he could have presented had he been informed of its pendency; but his opponent may show in opposition to the application that the applicant had actual notice of the action in time to have entered an appearance and to have presented the defense and that the failure to do so was owing to his neglect or to his consent to the judgment

and in the event of such showing a case arises for the exercise of the discretion of the court and it must determine whether or not the laches is of a character that should preclude the relief. (*Guardianship of Stanfield,* 32 Cal. App. (2d) 283 [89 Pac. (2d) 696], *Hiltbrand* v. *Hiltbrand,* 218 Cal. 321 [23 Pac. (2d) 277], *Boland* v. *All Persons,* 160 Cal. 486 [117 Pac. 547], *Gray* v. *Lawlor,* 151 Cal. 352 [90 Pac. 691, 12 Ann. Cas. 990].)

The respondents contend that a sufficient case was made to invoke the discretion of the trial court and that its orders find support in the evidence and should not be disturbed on this appeal.

■ It is urged by respondents that the affidavits and proposed answer of appellants are in and of themselves insufficient to show merit. We think that these supporting papers as presented by the individual appellants demand consideration separately from those relied upon by the appellant city of San Carlos. We are entitled to consider both the affidavits and the verified proposed answers on the question of a showing of merit. (*Guardianship of Stanfield, supra; Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353].)

The affidavit of each of the individual appellants states unequivocally that no personal service of summons in said action was ever made upon him and that the first knowledge that he had that such an action had been brought, or was pending, or that the judgment had been entered, was about the middle of October, 1938, ''when said defendant's right of way or easement was barricaded for the first time.'' This was a sufficient showing in respect to the lack of personal service of the summons. Indeed, no point is made by respondents as to that particular phase of the case. The affidavit of appellant Asa E. Hull alleges: ''That he is the owner of all of Block 16 of the San Carlos Park Syndicate; and that, as the owner of said block of land, and as an appurtenance thereto, he is the owner of a private right of way or easement across all of the lots described in plaintiff's complaint herein; that this defendant and his predecessors in interest in the said Block 16 have been in the peaceful and uninterrupted use and enjoyment of said private right of way or easement for over twenty years prior to the filing of plaintiff's complaint herein; and that said use and enjoyment of said right of way or easement, as well as the name and address of this defendant, was known to plaintiff both

at and prior to the time he filed said complaint." A general affidavit of merits is also included in the affidavit, as follows: "That affiant has fully and fairly stated all the facts relating to said action to Henry F. Wrigley, Esq., an attorney admitted to practice in all courts in the State of California, and affiant's counsel in said cause, and that, after such statement, affiant was advised by said counsel, and he verily belives, that he has a good and substantial defense to said action on the merits."

In the verified proposed answer of the said Asa E. Hull, paragraph III thereof, he states: "Answering allegation 'IV' of said complaint, this defendant alleges that, for more than twenty years prior to the filing of plaintiff's complaint herein, this defendant and his predecessors in interest have been the owners, and have enjoyed the uninterrupted and peaceful use and possession, of a private right of way or easement over and across the said lots of land described in plaintiff's complaint; that the said private right of way or easement was and is shown as 'Bellevue Avenue', first, upon that certain map entitled, 'Map of the Property of the San Carlos Park Syndicate', recorded September 3, 1907, in Book 5 of Maps, at pages 24 to 26, San Mateo County Records, and, second, upon that certain map entitled, 'Supplementary Map of Tract 1 and a portion of Tract 2 of the Property of San Carlos Park Syndicate', recorded May 20, 1909, in Book 6 of Maps at page 63, San Mateo County Records; and that the location, length and width of said private right of way or easement over and across the said lots is as shown upon the said two maps; and except as thus admitted and alleged this defendant denies allegation 'IV' of said complaint." Also, in paragraph I of said proposed answer he states: "Answering allegations 'I' and 'II' of said complaint, this defendant is informed and believes, and upon such information and belief alleges, that plaintiff W. W. Thompson is the owner of the fee to the lots in said allegations 'I' and 'II' described, that defendant R. R. Sutton has no right, title or interest therein, except as trustee for or agent of plaintiff, and that this defendant has and is the owner of a private right of way or easement over and across the said lots, and all thereof; and, except as thus alleged or admitted, this defendant specifically denies said allegations of plaintiff's complaint." And in paragraph II thereof he says: "This defendant denies allegation 'III' of plaintiff's complaint herein; and in this con-

nection, this defendant alleges that his said private right of way or easement over and across the said lots has not only existed on the ground but it has appeared of record for over twenty years prior to the filing of plaintiff's complaint herein." In our opinion the last two quoted paragraphs of the verified proposed answer should be eliminated from consideration on the showing of merits as the said paragraph I is but an allegation on information and belief of facts peculiarly within the knowledge of the party and is hence insufficient (*Hall* v. *James*, 79 Cal. App. 433 [249 Pac. 876]; *Loveland* v. *Garner*, 74 Cal. 298 [15 Pac. 844]; *Gribble* v. *Columbus Brewing Co.*, 100 Cal. 67 [34 Pac. 527]; *Mulcahy* v. *Buckley*, 100 Cal. 484 [35 Pac. 144]; *Raphael Weill & Co.* v. *Crittenden*, 139 Cal. 488 [73 Pac. 238]), and said paragraph II merely mentions the alleged right of way or easement by way of recital and is likewise insufficient.

The affidavits and proposed answers of the other individual appellants are substantially similar to that of Asa E. Hull.

The facts relied upon in the showing of merits having been specifically stated, the general, formal "affidavit of merits" may be disregarded, for while this may have been sufficient without the specific statement of facts, when the facts constituting the defense are set forth, they are the measure of the merits and the court may judge of their sufficiency. (*Osmont* v. *All Persons*, 165 Cal. 587 [133 Pac. 480].)

While the statements of fact on the showing of merits by the individual appellants contain much surplusage and immaterial matter, nevertheless they embody the ultimate fact that said parties, respectively, are the owners of the right of way or easement in question. It is unnecessary for them to state probative facts concerning the origin of their title. (*Gray* v. *Lawlor*, 151 Cal. 352 [90 Pac. 691, 12 Ann. Cas. 990]; *Davidson* v. *All Persons*, 18 Cal. App. 723 [124 Pac. 570]; *Garbarino* v. *Noce*, 181 Cal. 125 [183 Pac. 532, 6 A. L. R. 1433]; *Merrill* v. *Hooper*, 125 Cal. App. 80 [13 Pac. (2d) 786].) We therefore are of the opinion that a sufficient prima facie showing of merit was made by the affidavits and proposed answers of said moving parties.

Do the counter-affidavits and maps contain any substantial showing of the essential matters to support the orders, i. e., that applicants had actual notice of the action in time to have entered an appearance and presented their defense

and that the failure to do so was owing to their neglect or consent to the judgment, amounting to laches, or that they are estopped? The counter-affidavit in opposition to Asa E. Hull's showing is lengthy and involved. We shall not attempt to recount its entire contents. It admits that no personal service of summons was made upon said appellant. On information and belief it denies that said appellant had no personal knowledge of the bringing or of the pendency of the action or the entry of the judgment until the 13th of October, 1938. Various facts are set forth concerning the knowledge of Asa E. Hull of the pendency of another action to which plaintiff and said city, but none of the individual applicants here, were parties and in which the issues were different. Many facts are alleged concerning the history of the recording of the subdivision maps which tend to show that said appellant does not own an easement over the way claimed by reason of any dedication or as an appurtenance to any lot purchased by him with reference to any of said maps. Other facts are stated concerning the taxation and assessment of lots in the subdivisions in question and the making of certain public improvements therein, all of which took place before the commencement of this action. We find nothing in said counter-showing sufficient to constitute a conflict with the prima facie showing of merits made by said appellant or to support the orders from which the appeal is prosecuted.

The counter-affidavit filed by plaintiff in opposition to the showing of the individual applicants other than Hull is even less substantial than that directed against Hull. It merely denies the allegations on information and belief or for lack of information or belief, except as to the questions of ownership of the easement and as to those the counter-affidavit, "Denies that as alleged owners of said parcels of land, and/or as an appurtenant thereto, they or any of them or their said wives or any of them, are the owners of a private right of way or easement across all or any of the lots described in plaintiff's complaint or any part thereof," and then proceeds to deny said applicant's allegations respecting their peaceable and uninterrupted use and enjoyment of the right of way. No affirmative facts are brought forward to show any basis for a claim of laches or estoppel.

None of the aforementioned counter-affidavits amounts to anything more than an attempt to controvert the truth of the applicants' showing of merits. They are therefore insufficient. (*Rauer's Law, etc. Co.* v. *Gilleran,* 138 Cal. 352 [71

Pac. 445]; *Gracier* v. *Weir*, 45 Cal. 53; 14 Cal. Jur. 1071.)

█ We now turn to the supporting papers used by the appellant city of San Carlos on its motion. The affidavit and proposed answer contain no allegation of its ownership of an easement or that the roadway is a public street. We have carefully searched and find nothing of any materiality regarding a defense on the merits. Allegations are made that since the incorporation of the city in 1925 the city of San Carlos, the residents and inhabitants thereof, and the fire, police and street departments of said city have continuously used a roadway across the property described in the complaint; that the city and its residents and inhabitants "have acquired a right by user to the use of the road or street across the property of the plaintiff;" and that said roadway existed and had been continuously used by the city and its residents, employees and departments for more than twenty years. In our opinion this is no showing of a meritorious defense to the action. The use shown may have been purely permissive, not adverse or under claim of right. Said assertion of the acquisition of a right by user is a pure conclusion.

The other subjects discussed in the briefs are not of sufficient merit to require detailed attention.

The order denying the motion of the city of San Carlos is affirmed. The order denying the motions of the other appellants is reversed with directions to the superior court to grant their applications and permit them to file their proposed answers and defend the action on its merits. Appellants other than city of San Carlos to recover their costs on appeal.

Tuttle, J., and Thompson, Acting P. J., concurred.