[Civ. No. 5305. Fourth Dist. Apr. 13, 1956.]

AUBREY R. MILLER, Appellant, v. F. M. W. DRILLING COMPANY (a Copartnership) et al., Respondents.

Donald R. Franson for Appellant.

A. W. Carlson for Respondents.

BARNARD, P. J.—This is an appeal from an order granting a motion to vacate and set aside a default judgment as against the defendants F.M.W. Drilling Company, a partnership, and Frank Frost and James McKay as partners, and granting a motion to recall an execution.

The complaint in the action was filed on December 28, 1954. It alleged that Frank Frost, James McKay and Marion J. Weller were partners doing business as F.M.W. Drilling Company; that Carl C. Weller was the manager of this partnership; that on June 1, 1954, plaintiff was employed on behalf of the partnership by Carl C. Weller to construct a certain oil drilling derrick; that the partnership and each of the partners thus promised to pay the plaintiff $500 per month as wages; that he worked four and one-half months; and that a balance of $1650 as such wages was unpaid and due to him. It was further alleged that the defendants hired from the plaintiff a 300 Amp. arc welder which was used for 1,200 hours for their benefit; that $3.00 per hour is a reasonable rental for this use, and $3,600 became due to the plaintiff as such rental; that defendants hired from the plaintiff a truck, and $300 is a reasonable sum for the hire of said truck; that plaintiff also furnished to the defendants various materials used in the construction of said rig; that the defendants promised to pay what said materials were reason-

ably worth at the time they were furnished; and that said materials were then reasonably worth $1,700. The prayer was for $7,250, with interest at 6 per cent from October 16, 1954.

Summons was served on Marion J. Weller in Fresno County on December 29, 1954. On December 30, 1954, counsel for plaintiff wrote to Marion J. Weller stating that he was mailing the complaint and summons to Frost and McKay (at what address is not stated), and asking her to contact them and advise them that she had been served and that the partnership was being held responsible, and stating that this mailing, "together with notice from you, a copartner," will be sufficient to put Frost and McKay on notice of the action. The default of the F.M.W. Drilling Company, a copartnership, and Marion J. Weller was entered by the clerk on January 14, 1955. Also on January 14, the clerk entered a default judgment adjudging and decreeing that the plaintiff recover from the F.M.W. Drilling Co., a copartnership, and Frank Frost, James McKay and Marion J. Weller as copartners therein, the sum of $7,358.75. This was the amount sued for plus interest at 6 per cent to date of judgment.

On January 21, 1955, the F.M.W. Drilling Co., Frank Frost and J. C. McKay filed notice of a motion to relieve them from default and to set aside and vacate the judgment as to them, on the ground of inadvertence, surprise or excusable neglect. A notice of motion to quash and recall the execution which had been issued was filed on January 24. On January 28 an answer was filed denying the material allegations of the complaint, and particularly those relating to the amount of services and materials furnished and the reasonable value of the same. Affidavits were filed in support of the motions alleging, among other things, that neither Frank Frost nor James McKay had been personally served with summons; that they were residents of the State of Nevada and absent from the county of Fresno; that they had no notice that this action had been filed until after the default judgment was entered and the writ of execution issued; that they first learned on January 19, 1955, that this judgment by default had been taken against them; and that they immediately retained counsel to take proceedings to have said default judgment vacated. No counteraffidavits were filed and no oral evidence was received at the hearing on these motions which was later held. The court entered an order granting the motions, and the plaintiff has appealed from that order.

It is conceded by both parties that personal service on one member of a partnership is effective to bind the partnership and the other partners. The appellant contends that it thus appears that a default judgment was properly entered; that a party moving to set aside a default judgment must show a reasonable excuse for his failure to appear, alleging facts which show the existence of surprise or excusable neglect; that since one of the partners was personally served in Fresno County the fact that the other partners had no notice of the action until after the default judgment was entered is not a sufficient showing; and that it follows that the respondents failed to make a sufficient showing under the provisions of section 473 of the Code of Civil Procedure. It appears from the affidavits that the partners who were not personally served were residents of Nevada, that they had no knowledge of this action until January 19, and that they acted with great promptness as soon as they knew of the action. It also appears that they could well have been lulled into a sense of security by the letter written to Mrs. Weller, and the receipt of summons out of the county. The court also had before it the answer from which it appeared quite probable that an unjust judgment had been entered, at least with respect to its amount. ■ It is well settled that the granting of relief of this nature is a matter in which the trial court has a wide discretion, that this discretion should be exercised in the interest of seeing that justice is done, that this is particularly true where a prompt application for relief is made, and that the court's action will be disturbed only where an abuse of discretion clearly appears. (*Downing* v. *Klondike Min. etc. Co.,* 165 Cal. 786 [134 P. 970]; *Berri* v. *Rogero,* 168 Cal. 736 [145 P. 95]; *County of Los Angeles* v. *Lewis,* 179 Cal. 398 [177 P. 154].) ■ Under the circumstances here appearing, it cannot be held that an abuse of discretion clearly appears.

■ A further consideration is that a large part of the amounts prayed for, and reflected in the default judgment, rested on allegations as to the reasonable value of the equipment leased and materials furnished. The authority of a clerk to enter a judgment is found in section 585 of the Code of Civil Procedure. This authority is limited to cases where there is a contract and where it appears from the contract itself that a definite or liquidated sum of money is to be paid, or where such sum can be ascertained by mere mathematical computation. No agreement of that nature here appeared,

and the allegations of reasonable value presented questions of fact. The clerk has no such power where the taking of any evidence is necessary. It has been held that where the reasonable value of services or goods must be determined evidence is required, and that in such a case the clerk is not authorized to enter a default judgment. (*Landwehr* v. *Gillette,* 174 Cal. 654 [163 P. 1018] ; *Lynch* v. *Bencini,* 17 Cal. 2d 521 [110 P.2d 662].) It rather clearly appears that the court did not abuse its discretion in making the order here appealed from.

The order is affirmed.

Griffin, J., and Mussell, J., concurred.