[Civ. No. 20101.   First Dist., Div. Three.   Jan. 3, 1963.]

EUGENE A. TALIAFERRO, Plaintiff and Appellant, v. DOROTHY DAVIS et al., Defendants and Respondents.

Eugene A. Taliaferro, in pro. per., for Plaintiff and Appellant.

Frisbie & Hoogs and W. H. Hoogs for Defendants and Respondents.

SALSMAN, J.—Plaintiff appeals from an order entered February 17, 1961 setting aside defaults and default judgments rendered against defendants Martha Hayes and Dorothy Davis. Plaintiff has also included in the clerk's transcript a second notice of appeal dated October 26, 1959, but this notice relates to a former appeal which has heretofore been decided, and we therefore give no consideration to this notice.

Plaintiff's notice of appeal filed April 14, 1961 challenges the propriety of the court's order setting aside the default judgments against the defendants Hayes and Davis. The default of Davis was entered December 8, 1960 and the default judgment against her was entered December 12, 1960; the default of Hayes was entered December 15, 1960 and the default judgment against her entered the same day. The motion to set aside both judgments was made January 18, 1961. The court's order

granting the motion was entered February 17, 1961. The motion to set aside was accompanied by an affidavit which denied service upon defendants or their attorney of a copy of the amended complaint upon which each default judgment was based. The affidavit also set forth other facts sufficient to justify the relief requested. The motion was accompanied by a copy of a proposed answer for both defendants. Plaintiff filed no affidavit in opposition to the motion nor did he offer any evidence other than the affidavit of service of a copy of the amended complaint purporting to show service by mail upon the attorney for defendants.

The record before us shows that the motion to set aside was timely made and properly supported. It is true the affidavits of the parties were in conflict on the question of the service of the amended complaint, but the trial court properly resolved this conflict in the interest of a trial of the action on its merits. The order was made in the exercise of the trial court's discretion and it may not be set aside except upon an affirmative showing of an abuse of discretion. (*Miller* v. *F. M. W. Drilling Co.*, 140 Cal.App.2d 728 [295 P.2d 412] ; *Berri* v. *Rogero*, 168 Cal. 736 [145 P. 95].) No showing of abuse of discretion is made here.

The order entered February 17, 1961 is affirmed.

Draper, P. J., and Devine, J., concurred.